## BERGER v. UNITED STATES.

### No. 626.

Circuit Court of Appeals, Tenth Circuit.
Dec. 15, 1932.

Harry L. Jacobs, of Kansas City, Mo. (H. C. Castor and Victor J. Rogers, both of Wichita, Kan., and Ringolsky, Boatright & Jacobs, of Kansas City, Mo., on the brief), for appellant.

Donald Little, Asst. U. S. Atty., of Topeka, Kan. (S. M. Brewster, U. S. Atty., of Topeka, Kan., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

Berger was convicted and sentenced on three counts of an indictment which charged violations of section 3, title 2 of the National Prohibition Act, section 12, title 27 USCA, and has appealed.

After submission of the case to the jury and after the jury had deliberated thereon for twenty-three hours, the following proceedings occurred:

"By the Court: Gentlemen of the jury, the bailiff told me that the foreman had stated to him to tell me you could not agree on a verdict. Was that authorized by the jury?

"The Jury: Yes, sir.

"By the Court: Without interrogating which way you stand—how are you divided numerically?

"By the Foreman of the Jury: We are uniform on one count.

"By the Court: Well, how are you divided?

"The Foreman: Six and six.

"The Court: On one count?

"The Foreman: On two counts. And agree on one.

"The Court: Well, I want to make a few suggestions to you. The court has its certain functions to perform. The jury has its certain functions to perform. The functions of the jury are to ascertain what the facts are from the evidence delivered in the case. The evidence in this case is very simple and very clear and not very much of it. Some jury must decide the case. The government is at great expense spending all of this time bringing witnesses and spending all of the time we have in the case. I do not anticipate that we could ever get a jury of any more intelligence than the present one to hear the evidence in this case.

"Now you gentlemen are the ultimate judges of the credibility of the witnesses, of the credibility of the testimony. You are the ultimate finders of the facts. Whatever suggestions the court gives you, if they do not appeal to your reason, of course should not be adopted by you. But I think you ought to stop and consider seriously the testimony in this case. All the testimony that there is is undisputed; it is not contradicted; it shows, for instance, that the government agents went to the place of the defendant in this case and got the barrels containing the—containers there, and the other receptacles. That they took that stuff. That they made samples from it,—or took samples from it. That those samples were analyzed by the chemists and they show beyond any question that they were intoxicating liquors. The testimony, as I recall, was that they ran all the way from 38 to 45 per cent of alcohol by volume. The law is that if it is more than one-half of one per cent, that would constitute intoxicating liquor, unless there were ingredients in it that constituted them something else. And the testimony was that all of these extracts, other than the Jamaica ginger itself,—that none of them were made according to the government requirements, and all of them contained at least more than thirty-five per cent of alcohol by volume.

"There was the testimony of two witnesses that the business was operated and run by this defendant Berger. Berger himself told one of the government's agents that he owned the place, operated it. The defendant Beck testified that he worked for him selling the goods. Other witnesses, the two men from Salina, each testified to buying liquor or buying these ingredients from this place, the Sonny Boy Products Company, owned and operated by the defendant. The evidence is clear, gentlemen. Is there any particular point on which you would like to have any evidence read that would assist you in any way?

"Here is an instruction given by one of the courts in a matter where a jury was unable to agree.

"The jury are instructed that in a large proportion of cases absolute certainty cannot be expected. That, although the verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor and with proper regard and deference to the opinions of each other, and that it is their duty to decide the case if they can conscientiously do so. That they should listen with a disposition to be convinced, to each other's arguments. A dissenting juror should consider whether his doubt is a reasonable one which makes no impression upon the minds of so many men equally honest and equally intelligent with himself.

"You gentlemen, as I said before, are the finders of the ultimate facts. I think it would be unfortunate in this case if you could not agree upon a verdict, and so, I am going to let you retire and deliberate further and see if you cannot agree upon a verdict. And you may now retire."

Counsel for Berger excepted to such proceeding.

■ The inquiry of the court as to how the jury was divided numerically is prejudicial error requiring reversal. Brasfield v. United States, 272 U. S. 448, 450, 47 S. Ct. 135, 71 L. Ed. 345; Burton v. United States, 196 U. S. 283, 307, 308, 25 S. Ct. 243, 49 L. Ed. 482; Stewart v. United States (C. C. A. 8) 300 F. 769, 785; Nigro v. United States (C. C. A. 8) 4 F.(2d) 781; Jordan v. United States (C. C. A. 9) 22 F.(2d) 966.

In Brasfield v. United States, supra, the court said:

"We deem it essential to the fair and impartial conduct of the trial that the inquiry itself should be regarded as ground for reversal. Such procedure serves no useful purpose that cannot be attained by questions not requiring the jury to reveal the nature or extent of its division. Its effect upon a divided jury will often depend upon circumstances which cannot properly be known to the trial judge or to the appellate courts and may vary widely in different situations, but in general its tendency is coercive. * * *

"The failure of petitioner's counsel to particularize an exception to the court's inquiry does not preclude this court from correcting the error. * * * This is especially the case where the error, as here, affects the proper relations of the court to the jury, and cannot be effectively remedied by modification of the judge's charge after the harm has been done."

■ We are further of the opinion that, where a court gives a supplemental charge of the character given in the instant case (even where it omits the inquiry as to how the jury stood numerically), it should again call the jury's attention to the presumption of innocence, the burden of proof, and the requirement that guilt must be established beyond a reasonable doubt; and should state that it is the duty of each juror to perform his duty honestly and conscientiously according to the law and the evidence, and not to surrender his conscientious convictions. Such supplemental charges are calculated to wrongfully coerce the jury unless properly safeguarded. Stewart v. United States, supra. An approved charge, so safeguarded, may be found in United States v. Allis (C. C. Kan.) 73 F. 165.

Reversed and remanded with instructions to grant Berger a new trial.