## SPEAK v. UNITED STATES.
### No. 3462.

Circuit Court of Appeals, Tenth Circuit.
May 7, 1947.

David H. Morris, of Denver, Colo., for appellant.

Thomas J. Morrissey, U. S. Atty., of Denver, Colo. (Joseph N. Lilly, Asst. U. S. Atty., of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Paul Speak, was charged, together with Blaine L. Evans, in an information with selling and offering for sale automobiles in excess of the ceiling price, as fixed by Maximum Price Regulation 540,

as amended. He was found guilty and has appealed from the verdict and judgment of the court. The information, omitting Paragraph 1, which is not material to the issues presented herein, is as follows:

"(Selling automobile above ceiling price in violation of Emergency Price Control Act of 1942 [50 U.S.C.A.Appendix, § 901 et seq.], and Stabilization Act of 1942, as amended by the Stabilization Extension Act of 1944, and Maximum Price Regulation No. 540, as amended.)

.\*    \*    \*    \*    \*    \*

"2. That, on or about the 23rd day of March, 1946, the defendants, Paul Speak and Blaine L. Evans, unlawfully sold to Captain Enoch Row a used 1941 Buick Sedanette automobile, model 40 D, Series 46S, Motor No. 44423995, for the sum of One Thousand Seven Hundred Seventy-six Dollars and Fourteen Cents ($1,776.14). That, at all times herein mentioned, the ceiling price on said used 1941 Buick Sedanette automobile, Motor No. 44423995, as fixed by Maximum Price Regulation 540, as amended, was One Thousand Three Hundred Thirty-three Dollars and Fourteen Cents ($1,333.14). Said sale was in violation of Article I, Section 2(1) of M.P.R. 540, as amended."

▇▇▇ The first assignment urged is that the trial court erred in refusing to sustain appellant's motion to dismiss the amended information. It is claimed that the information failed to state an offense because it was so general and indefinite that it failed to apprise appellant with the exact nature of the offense with which he was charged. This contention is without merit. Rule 7(c) of the Rules of Criminal Procedure, 18 U.S.C.A. following section 687, provides in substance that the indictment or information shall be a plain, concise and definite statement of the essential facts constituting the offense charged; that it need not contain any matter not necessary to such statement; that it shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated, and that error or omission in the citation shall not be ground

for dismissal or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. The information informed appellant that he was charged with selling to Captain Enoch Row on March 23, 1946, a 1941 Buick Sedanette automobile, Model 40D, Series 46S, Motor No. 44423995, for the sum of $1,776.14, whereas at the time the maximum ceiling price on the same, as fixed by Price Regulation 540, as amended, was $1,333.14. There is no uncertainty here as to the offense with which appellant was charged. A verdict rendered in this case would be a complete defense as to any future attempt to prosecute appellant for an alleged sale of the same automobile. The information complied with the rule which requires that it state the offense, that it set out the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. This is set out in concise form in the caption of the information, as well as in the concluding paragraph, which charges him with violation of Article 1, Sec. 2(1) of M.P.R. 540, as amended. We fail to see what more could have been set out, but, in any event, if there were any details to which appellant was entitled, the lack thereof did not go to the validity of the information. They could have been furnished, if required, by a bill of particulars.

▇▇▇ Complaint is made that the court erred in the examination of prospective jurors by refusing to submit interrogatories proffered by appellant's attorney. Rule 24 of the Rules of Criminal Procedure provides that the court may itself examine the jury or permit the defendant or his attorney to examine them. It provides that in the event the court examines the jury, the court shall permit the defendant or his attorneys and attorneys for the government to supplement the examination by such further inquiry as it deems proper, or shall itself submit to the jurors such additional questions by the parties or the attorneys as it deems proper. This rule vests the trial court with discretion in the examination of prospective jurors, and the exercise of this discretion will not be disturbed in the absence of a

clear showing of abuse thereof.[1] Some of the proposed questions were clearly improper. Others were acceptable, and some of these were asked by the court. Others the court refused to propound to the jurors. It may be that the substance of the questions which were refused by the court was covered in its own examination of the jurors. Since the entire examination of the jurors by the court is not set out in full in the record, we cannot say as a matter of law that the court abused its discretion in refusing to submit the proffered questions.

It is also urged that the court became an advocate for the government. We have carefully examined the record and it is sufficient to say that this contention is so wholly without merit that an extended discussion in support of this conclusion would serve no useful purpose.

Complaint is also made that the trial court erred in admitting incompetent evidence, prejudicial to appellant. The government offered two witnesses to prove its case, Captain Enoch Row, who purchased the car, and Sgt. Harry L. Garner. Row testified that he paid appellant eighteen one-hundred dollar bills for the car. Garner's testimony was offered to prove that he saw the payment of the money. On direct examination he testified that he saw Row lay eighteen one-hundred dollar bills on the table. On cross examination he testified that he did not know the appellant and never had seen him before. Other evidence by Garner showed that he was in a position where he looked through a glass partition, and that he was not taking an active part in the proceedings. At most, his cross examination only tended to weaken the force of his direct testimony. It did not in any sense make it incompetent or prejudicial.

The most serious question relates to a supplemental instruction given by the court. After the jury had deliberated about four hours, the court had them brought into the courtroom where the following proceedings were had:

"The Court: Ladies and Gentlemen, is there any question that you care to ask the Court? Are there any further instructions you want?

"A Juror: I think not, Your Honor.

"The Court: You haven't reached a verdict, have you?

"A Juror: No, we have not.

"The Court: I consider it my duty to give you this further instruction.

"It appearing to the Court at this time that there is no misunderstanding or disagreement among you as to the law of this case or as to the interpretation of the instructions, and that your deliberations have already been unusually prolonged without an agreement being reached, I deem it necessary to the administration of justice that this further instruction relative to your duties as jurors be now given.

"You should consider that this case must at some time be decided; that you have been selected in the same manner and from the same source as any other jury must be; that there is no reason to suppose that the case will ever be submitted to twelve men and women more intelligent, more impartial, or more competent to decide it; or that more or clearer evidence will be produced on the one side or the other; that in order to bring twelve minds to a unanimous conclusion you must examine the questions submitted to you with candor and a proper regard for the opinions of each other; that you ought to pay proper respect to each other's opinions and listen with a disposition to be convinced to each other's arguments.

"And, while in the end each juror must act upon his own judgment concerning the evidence in the case and not upon the judgment of his fellow jurors, it is your duty, guided by the foregoing and by all of the instructions heretofore given you in this case, to decide the case, if you conscientiously can do so.

"It is accordingly ordered that you return to your jury-room and proceed with your deliberations.

---

[1] Rea v. Missouri, 84 U.S. 532, 17 Wall. 532, 21 L.Ed. 707; Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; Ippolito v. United States, 6 Cir., 108 F.2d 668; Bratcher v. United States, 4 Cir., 149 F.2d 742.

"Mr. Morris: If the Court please, under the Berger case, I request that Your Honor reinstruct the jury on the presumption of innocence and the burden of proof.

"The Court: They haven't asked for it and that will be denied."

The need for calling the jury into court at the time is not very clear. After all, while the case was not a difficult one, four hours was not a particularly long time for deliberation. But we are concerned here only with the question whether the giving of this instruction by the court was coercive and whether its failure to specifically re-instruct on the presumption of innocence and burden of proof rule requires a reversal. Appellant's main reliance for reversal on this point is that the court erred in refusing to again instruct the jury on the presumption of innocence and burden of proof rule as requested by appellant.

Appellant relies entirely upon the decision by the court in Berger v. United States, 10 Cir., 62 F.2d 438, to sustain his position. The difference between the supplemental instruction in the Berger case and the one given in this case is so apparent that it is not necessary to extend this opinion by pointing out the difference in detail. A casual reading of the two instructions will make the distinction clear. It was held in the Berger case that where the trial court gives such a supplemental instruction, it was reversible error to fail to again instruct the jury on the presumption of innocence and burden of proof rule. The instruction in the Berger case would, in our opinion, have constituted reversible error even if this admonition had been heeded. In this case, the court did not merely give the supplemental instruction without more, but it again told the jury that it was to be guided by "all of the instructions heretofore given you in this case," as well as by this instruction. The presumption must be that the jury then had in mind all the instructions given it and that reference thereto in the supplemental instruction was the equivalent of repeating them. The propriety of an instruction such as we have under consideration must be determined from whether it had a tendency to coerce the jurors in their deliberations so that the verdict which they ultimately reached and returned into court was not truly their own, but was brought about in part by coercion from the court. While there may be some question as to the wisdom of calling the jury into court at the time, we feel that there was nothing in the proceedings or in the instruction of the court which reasonably could tend to coerce the jury. It follows from what has been said that there was also no error in overruling the motion for a new trial.

The judgment of the lower court is accordingly affirmed.