## NOWACKI v. UNITED STATES.

### No. 3463.

Circuit Court of Appeals, Tenth Circuit.

May 7, 1947.

David H. Morris, of Denver, Colo., for appellant.

Thomas J. Morrissey, U. S. Atty., of Denver, Colo. (Joseph N. Lilly, Asst. U. S. Atty., of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PER CURIAM.

This is a companion case to No. 3462, Speak v. United States, 10 Cir., 161 F.2d 562. It also charged alleged violations of Maximum Price Regulation 540, as amended. The two informations were filed on the same day. The only difference in the informations is that this case charged three separate violations for the sale of different automobiles to different individuals. The question of calling the jury into the courtroom and giving them a supplemental instruction is not present in this case. In all other respects the two cases are substantially alike. The main contention offered here, as in the Speak case, is that the information was so vague and indefinite as to be wholly insufficient to apprise appellant of the offense with which he was charged. The charging part of each count of this information is practically the same as that set forth in our opinion in the Speak case. Each count specifically describes the automobile by giving the year of the model, the general type of body, the series and motor number, the price for which it was sold, and maximum lawful price. The information also contained the same notations of statutes involved. As in the Speak case, it is also urged that there is insufficient evidence to sustain the verdict and judgment of the court. This contention is without merit. It is also urged that the court became an advocate for the government and that the court erred in refusing to submit written interrogatories offered by appellant upon the examination of the prospective jurors. The disposition of these questions in this case is controlled by all we have said in the Speak case. This case presents no new question, and, as stated, presents the same questions in substantially the same form as in the Speak case.

The judgment of the trial court is therefore affirmed on the authority of No. 3462, Speak v. United States, 10 Cir., 161 F.2d 562.

Affirmed.