**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GANIYU AYINLA JAIYEOLA,

    Plaintiff - Appellant,

v.

GARMIN INTERNATIONAL, INC.,

    Defendant - Appellee.

No. 24-3076
(D.C. No. 2:20-CV-02068-EFM-ADM)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Ganiyu Jaiyeola, proceeding pro se,[1] appeals an order of the district court entered pursuant to previously imposed filing restrictions. We have jurisdiction under 28 U.S.C. § 1291, but we dismiss the appeal as frivolous. We also impose appellate filing restrictions.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although he proceeds pro se, Mr. Jaiyeola "must comply with the same rules of procedure as other litigants." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

## BACKGROUND

This is the ninth proceeding Mr. Jaiyeola has brought in this court pertaining to the same district court case.[2] In 2020, Mr. Jaiyeola filed a lawsuit in the District of Kansas against Defendant Garmin International, Inc., asserting state and federal employment discrimination claims. On June 24, 2021, the district court dismissed the case with prejudice as a sanction for abusive litigation tactics. Mr. Jaiyeola appealed, but this court affirmed the district court's decision. *See Jaiyeola v. Garmin Int'l, Inc.*, Nos. 21-3114, 21-3169, 2022 WL 1218642, at *1 (10th Cir. Apr. 26, 2022).

Mr. Jaiyeola then filed a motion under Federal Rule of Civil Procedure 60(b)(4) in which he argued the judgment against him was "void." The district court denied that motion and denied reconsideration twice. The district court also imposed filing restrictions on Mr. Jaiyeola in November 2022. He appealed the denials and the imposition of filing restrictions. This court affirmed. *See Jaiyeola v. Garmin Int'l, Inc.*, No. 22-3245, 2023 WL 4417480, at *2 (10th Cir. July 10, 2023).

Mr. Jaiyeola attempted to file additional motions seeking reconsideration, but the district court declined to file them pursuant to the filing restrictions it had imposed. He again sought review in this court, requesting that his filing be treated as a petition for a writ of mandamus. This court denied the so-construed mandamus petition on April 17, 2024.

---

[2] Mr. Jaiyeola's prior appeals and original proceedings in this matter include Case Nos. 21-3075, 21-3100, 21-3108, 21-3114, 21-3168, 21-3169, 22-3245, and 23-3174.

On April 30, 2024, the district court granted Mr. Jaiyeola leave to file a motion to disqualify certain federal judges who had issued rulings in his case, including Judge John W. Broomes, Judge Holly L. Teeter, Judge Sam A. Crow, and Magistrate Judge James P. O'Hara. Mr. Jaiyeola filed the motion, but Judge Eric F. Melgren in the district court denied it on May 14, 2024. Mr. Jaiyeola then submitted a document titled "Rule 60(b)(1) and 60(b)(4) Motion to Vacate [the May 14 Order], Rule 60(b)(6) Motion to Vacate all the Orders and Judgment Issued by Judge Teeter in this Lawsuit, and Motion for Judge Melgren to Disqualify from this Lawsuit." *See* R. vol. 3 at 445 (internal quotation marks omitted).

In a May 31, 2024, order, the district court noted Mr. Jaiyeola's filing restrictions and concluded the motion he sought to file was wholly without merit. The court ordered the motion not be filed. Mr. Jaiyeola appeals that order, specifying in his Notice of Appeal that he appeals "ALL the issues (findings and Orders) raised in [the May 31 order]." *Id.* at 449.

## DISCUSSION

The abuse-of-discretion standard governs our review here, just as it governed our review of the filing restrictions themselves. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) ("We emphasize that the district court's discretion in tailoring appropriate [filing restrictions] is extremely broad and that we will not disturb that court's choice of requirements absent abuse of that discretion."). Here, we have reviewed the order and proposed motion and conclude the district court

3

acted well within its extremely broad discretion when it declined to file it.[3] Mr. Jaiyeola's arguments to the contrary are "so wholly without merit that an extended discussion in support of this conclusion would serve no useful purpose." *Speak v. United States*, 161 F.2d 562, 564 (10th Cir. 1947).

## FILING RESTRICTIONS

In the most recent appeal preceding this one, we noted "that Mr. Jaiyeola's successive, meritless post-judgment filings concerning this litigation, and his appeals from their denial, are an abuse of the federal judicial system," and we "warn[ed] him that any additional meritless and repetitive appellate filings concerning this case may result in the imposition of filing restrictions in this court." *Jaiyeola v. Garmin Int'l, Inc.*, No. 23-3174, 2024 WL 1654696, at *3 (10th Cir. Apr. 17, 2024). In bringing this appeal from a denial of a successive, meritless post-judgment filing, Mr. Jaiyeola has not heeded this warning, so we enter the following restrictions:

We enjoin Mr. Jaiyeola from filing further pro se civil appeals or original proceedings concerning this case in this court unless he first obtains permission to proceed pro se. *See Werner v. Utah*, 32 F.3d 1446, 1449 (10th Cir. 1994) (enjoining pro se matters in this court without prior leave of court); *In re Winslow*, 17 F.3d 314,

---

[3] Mr. Jaiyeola also asks this court to construe his appeal as a petition for a writ of mandamus. *See* Aplt. Br. at 18–20. Even if it was proper to do so, however, we would deny the requested relief. "We will grant a writ [of mandamus] only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). Mr. Jaiyeola has not here established the court abused its discretion, let alone that it did so "so clearly . . . as to constitute usurpation of power." *Id.*

4

316 (10th Cir. 1994) (enjoining pro se appeals and original proceedings without prior leave of court). If Mr. Jaiyeola wishes to initiate a civil appeal or original proceeding concerning this case in this court, he must either be represented by a licensed attorney admitted to practice in this court or obtain permission to proceed pro se by taking the following steps:

1. File a petition with the clerk requesting leave to proceed pro se;

2. Include with his petition a list of all civil appeals and original proceedings he has filed concerning this case in this court, including the name and number of each appellate proceeding and its current status or disposition;

3. File with the clerk a notarized affidavit, in proper legal form, that recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order or judgment being challenged. The affidavit must also certify, to the best of his knowledge, that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; that the proposed matter is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation; that the claims he wishes to present have never been raised by him except in the district court in the present case, nor previously been finally disposed of by any federal or state court; and that he will comply with all appellate and local rules of this court.

Mr. Jaiyeola shall submit these filings to the Clerk of the Court, who will review them for compliance with the above requirements. The Clerk will dismiss the proceeding for failure to prosecute if Mr. Jaiyeola does not fully comply with the above requirements. If Mr. Jaiyeola fully complies with the requirements, the Clerk will forward his filings to the Chief Judge or his designee to determine whether to authorize Mr. Jaiyeola's proposed pro se matter to proceed. If the Chief Judge or his

designee does not grant authorization, the Clerk will dismiss the matter on behalf of the court. If the Chief Judge or his designee grants authorization, the Clerk will enter an order directing that the matter may proceed in accordance with, and that Mr. Jaiyeola must comply with, the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Mr. Jaiyeola shall have fourteen days from the date of this order and judgment to file written objections, limited to fifteen pages, to these filing restrictions. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect twenty-one days from the date of this order and judgment, and shall apply to any pro se civil appeal or original proceeding filed by Mr. Jaiyeola after that time.

We dismiss this appeal as frivolous. We deny all pending motions Mr. Jaiyeola has filed in this case.

Entered for the Court

Bobby R. Baldock
Circuit Judge

6