Lively v. Sexton.

## LOREN J. LIVELY

### v.

## ARTHUR E. SEXTON.

*Malicious Prosecution—Probable Cause—Jury—Coercion of by Trial Judge.*

In an action for malicious prosecution, this court holds that on account of an objectionable remark to the jury on the part of the trial judge the verdict for the plaintiff can not stand.

[Opinion filed March 10, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. ALLAN C. STORY, for appellant.

The line between the duties of a court and jury is perfectly well defined; and the rigid observance of it is of the last importance to the administration of systematic justice. In this way court and jury are made responsible, each in its department, for the part taken by each, and in this way alone can errors of fact and errors of law be traced to their proper sources. State v. Smith, 6 R. I. 34.

In St. Louis R. R. v. Manly, 58 Ill. 300, it was held that an intimation of a judge to a jury of his opinion on matters of fact is ground for a new trial. See also many cases to same effect cited note 9, Sec. 323, Proffatt on Jury Trials.

The declaration by a trial judge in hearing of the jury, "I shall hold that the plaintiffs are justifiable in bringing this action," was held to be ground for a new trial. Johnson v. Johnson, 71 N. C. 402.

If the expression of opinion by the judge is made in such a manner as that the jury may naturally regard it as a direction to them, and the evidence is conflicting, this is a fatal error. Proffatt, Sec. 324; Ketchum v. Ebert, 33 Wis. 611.

After a jury has retired it is error to allow them to come into court and instruct them in the absence of the parties, or their counsel. Redman v. Gulnac, 5 Cal. 148; Hilliard on New Trials, p. 374, Sec. 157; Campbell v. Beckett, 80 Ohio (N. S.) 210.

In all cases in Illinois the instructions and all remarks of the court must be in writing. Proffatt, Sec. 349; Practice Act, Sec. 52; see also State v. Cooper, 45 Mo. 64.

So in McEwen v. Morey, 60 Ill. 32, oral instructions or remarks of the judge in connection with the written instructions were held error.

In Dula v. Young, 70 N. C. 450, the trial judge remarked: "The plaintiffs are not entitled to recover in any event, and if the issues are found in their favor I will set aside the verdict." This was held to be error, though the court submitted the issues to be passed on to the jury to say how the matter was.

The Supreme Court says: "This manner of submitting the issues was calculated to throw the jury off their guard, and prejudice the rights of the plaintiff."

Lively v. Sexton.

Messrs. Edward Maher and Merritt Starr, for appellee.

Garnett, J. This was a suit for malicious prosecution, resulting in a verdict for $1,000 in favor of appellee. A *remittitur* of $300 having been entered, judgment for $700 was rendered against appellant, from which he appeals.

Upon the evidence given at the trial and correct instruction by the court, a verdict for either party could not, ordinarily, be disturbed. The integrity of the verdict, however, is based upon the supposition that it is the free and voluntary conclusion of twelve men sworn to try the issues. If we could feel satisfied that such a conclusion was reached in this case the prayer of appellant would be refused. But it appears from the bill of exceptions that after the jury had received the charge of the court, and retired to consider the case, they came back into court for further instructions, and this colloquy then occurred:

The Court: " Gentlemen, are you agreed ? "

A Juror: "No, your honor, we have not, and I don't think we can. We stand eleven to one, and that one refuses to say anything; he won't talk with us or do anything; he just sits there."

The Court: " Gentlemen, you will retire and further consider this case, and I will say if there is a mistrial in this case I shall inquire into it, and if I find that any juror has stubbornly refused to do his duty or wilfully tried to bring about a disagreement so as to interfere with the administration of justice, I will send him to jail for contempt of court."

Whatever rigid analysis we may make out of this remark of the court, we think it meant to the one juror that the judge regarded him as an obstructionist, stubbornly refusing to do his duty, and that if he did not surrender his opinion by agreeing with the eleven, his liberty was in danger. The verdict may be reasonably accounted for in that way.

If the weight of the evidence on the question of probable cause was in the plaintiff's favor, the preponderance was not so plain that the most intelligent man on the jury might not have fairly and honestly maintained the innocence of the

defendant. The record does not present a case where a palpable invasion of the province of the jury may be excused for the reason that it is manifest no injury ensued therefrom. If, instead of the objectionable remark, the court had read to the jury an instruction assuming there was no probable cause the error would be admitted to be fatal. St. L., A. & T. H. R. R. Co. v. Manly, 58 Ill. 300. To our apprehension the remark was far more objectionable, and by many degrees more certain to bring the one juror to concurrence with the eleven.

The authority of the judge does not extend to the coercion of a single juror. By the well defined limit of his powers he is denied all discretion in that respect. It is apparent that if he may, by threats, influence one juror, the largest minority may be treated likewise. If this practice is tolerated, the uniformity of trial by jury disappears, as judges would have different views as to the size of the minority whose opinion should be respected. A reform of the jury system in this respect, if it comes at all, must be from a different source. The law recognizes only the unanimous verdict, and no other can be, directly or indirectly, introduced by the judiciary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*