## KESLEY v. UNITED STATES.
### No. 5897.

Circuit Court of Appeals, Fifth Circuit.

March 5, 1931.

Roger Edward Davis, of Miami, Fla., for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla. (W. P. Hughes, U. S. Atty., and Louis S. Joel, Asst. U. S. Atty., both of Jacksonville, Fla., on the brief), for the United States.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

SIBLEY, District Judge.

Sam Kesley appeals from a conviction for unlawfully transporting intoxicating liquors.

The only serious question concerns the extent to which the judge may go in dealing with a "hung jury." The judge, in his formal charge, had said: "If the evidence convinces you beyond a reasonable doubt that this defendant transported intoxicating liquors in the manner charged in the indictment, you are bound under your oaths as jurors to convict him, regardless of any preconceived views you may entertain as to the wisdom of the Prohibition laws. On the other hand, you should not let any prejudice you may have against the manufacture, sale, transportation or use of intoxicating liquor influence you against this defendant." "You are the sole and exclusive judges of the credibility of the witnesses, and of the facts in the case. You are bound by the law as given you by the Court, but what the Court may say about the facts is only to aid and assist you, and if what the Court says about the facts or the testimony of the witnesses is not in accord with your recollection of the testimony, or does not otherwise meet your approval, you must rely on your own recollection and judgment." There followed fair comments on the evidence. The jury were out two hours and fifteen minutes, and returned, reporting inability to agree, not as to the law, but because of doubt about the facts. Thereupon, according to a statement of the evidence and occurrences agreed to by counsel, the judge said: "Gentlemen, it is very apparent to me that some of you are violating the sacredness of your oaths as jurors. There is no doubt, as far as the facts are concerned. You may retire and consider your verdict." According to the bill of exceptions settled by the judge, the language was: "Gentlemen, it is apparent to the court that some of you have forgotten that part of the charge of the court as to your oaths as jurors. It does not seem to me that there is very much doubt as far as the facts are concerned. You may retire and consider your verdict." The jury made a verdict of guilty in a few minutes thereafter.

This occurrence could come into the record only through the certificate of the judge. Clune v. United States, 159 U. S. 590, 16 S. Ct. 125, 40 L. Ed. 269. Therefore, the language as certified to by him is alone to be considered. It was effective. Did it go too far? The original charge as above set out was unexceptionable. The whole trouble relates to the handling of the disagreeing jury. In Foster v. United States (C. C. A.) 188 F. 305, it was held that the judge may not in a criminal case after the jury reports disagreement express any opinion on the facts. This

authority is overborne by Simmons v. United States, 142 U. S. 148, 12 S. Ct. 171, 172, 35 L. Ed. 968. In that case of felony the judge had in his original charge refrained from expressing any opinion on the facts. The next day, upon the jury's request for a discharge from the further consideration of the case, the judge said: "I cannot understand the failure to agree arises from any difference of opinion based upon the insufficiency of the evidence in this case. Whenever, in the opinion of the court, the testimony is convincing, it is the duty of the court to hold the jury together. Therefore I must decline your request to be discharged." The judge having in his original charge informed the jury that they and not he were to decide questions of fact, this expression of opinion, though strong, was held not erroneous. The authorities cited for the decision related to expressions of opinion in original charges, and no distinction was drawn on account of the jury having announced a disagreement. We must therefore hold that the circumstance of disagreement does not curtail the right of the judge to attempt to help the jury if it is fairly and temperately done, and under all the attendant circumstances it is clear that the jury understands that at last the responsibility of deciding the facts is left with them. The judge may on his own motion recall the jury to do this. Allis v. United States, 155 U. S. 117, 15 S. Ct. 36, 39 L. Ed. 91; Clune v. United States, 159 U. S. 590, 594, 16 S. Ct. 125, 40 L. Ed. 269. But there must be no coercion outside of the force of reason and advice as to the facts. People v. Sheldon, 156 N. Y. 268, 50 N. E. 840, 41 L. R. A. 644, 66 Am. St. Rep. 564. Thus while the length of time the jury may be kept together is discretionary with the judge, he cannot threaten them with such imprisonment. State v. Place, 20 S. D. 489, 107 N. W. 829, 11 Ann. Cas. 1129. The judge may urge the minority to carefully consider the fact that they are in the minority in reviewing the correctness of their position. Allen v. United States, 164 U. S. 493, 17 S. Ct. 154, 41 L. Ed. 528. But comments, not upon the evidence, but reflecting on the jurors, are not permissible. People v. Sheldon, supra; Hagen v. N. Y. Central R. R., 79 App. Div. 519, 80 N. Y. S. 580. In State v. Bybee, 17 Kan. 462, Justice Brewer said: "No juror should be induced to agree to a verdict by a fear that a failure so to agree will be regarded by the public as reflecting upon either his intelligence, or his integrity. Personal considerations should not influence his conclusions; and the thought of them

should never be presented to him as a motive for action." Because of the imputation of stubbornness, or worse, which is likely to arise if the numerical division of the jury is publicly revealed, to require disclosure of it is held error per se in the courts of the United States. Brasfield v. United States, 272 U. S. 448, 47 S. Ct. 135, 71 L. Ed. 345. Much more serious is an imputation by the judge that some of the jurors are forgetting their oaths. It might even be interpreted as a threat of punishment as for contempt of court. See Lively v. Sexton, 35 Ill. App. 417. Where all the evidence demands the verdict of guilty, the judge may be justified in going very far even in a criminal case. Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185. But in the present case the evidence was in conflict, and the verdict depended upon the solution of the conflict. What was said to the jury was reversible error.

Reversed.