SPAUGH et al. v. UNITED STATES.

No. 7650.

Circuit Court of Appeals, Ninth Circuit.

May 20, 1935.

Frank P. Doherty and William R. Gallagher, both of Los Angeles, Cal., for appellant Spaugh.

Ames Peterson, of Los Angeles, Cal., for appellant Curry.

Peirson M. Hall, U. S. Atty., and Ernest R. Utley, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant J. V. Spaugh, together with appellant Harry M. Curry and eleven others, was indicted on a charge of conspiracy to make, forge, and counterfeit certain orders and writings, to wit, United States Liberty Loan bonds. This indictment, for convenience, will be hereafter referred to as the "conspiracy indictment." Six other indictments were returned against several groups of defendants named in the conspiracy indictment. The indictments contained various counts charging different groups of defendants therein named with the substantive offenses of forging Liberty bonds and uttering the same, but in none of which was appellant Spaugh named as defendant. The conspiracy indictment was consolidated for trial with the six other indictments in which appellant Spaugh was not mentioned.

This action of the court was objected to by appellant Spaugh and exception saved and the ruling made assigned as error. As

appellant Curry is not concerned with this contention, and as the judgment of conviction must be reversed on other grounds, and because we have before us none of the evidence adduced at the trial, we refrain from expressing any opinion on this assignment of error.

After the jury had been deliberating for forty-six hours, the court recalled the jury. Thereupon the following took place:

"The Court: The Court desires to address itself to the jury, through the Foreman, and will ask the Foreman to be careful not to report the nature of any verdict, if any, which thus far may have been agreed upon, but rather to confine the answers to the specific matters mentioned in the questions.

"There are a number of cases in which the jury is considering the rendition of separate verdicts and, in addition, in all but one of the cases there are several counts or separate and distinct charges involved.

"We will ask the foreman to indicate whether the jury has finished balloting.

"Foreman Person: Not in all cases.

"The Court: Then, we will ask counsel whether there is any objection to inquiring as to which cases balloting is still being taken on.

"Mr. Doherty: I have no objection, your Honor, of inquiring of the jury as to which cases they are still considering and upon which they have not as yet reached a verdict.

"Mr. Ray: No objection on the part of defendant Clough, your Honor."

After the court had ascertained as to which indictments the jury had finished balloting and those in which the jury had not agreed, the court proceeded to instruct the jury as follows:

"The Court: In view of the fact that the trial of this case has occupied approximately three weeks, and also inasmuch as the instructions given by the Court to the jury have occupied approximately two hours or more in delivering the same, and having in mind also the fact that the jury was in court Saturday night, in the presence of the defendants and counsel, and propounded a number of questions, which at that time I answered, and likewise some additions made to the instructions, we decided to ascertain whether the Court can be of any assistance to the jurors by way of any further instructions such as ex-

plaining some particular point of law, the meaning of any particular question of law, the application of any of the evidence to any particular question of law? And in the same connection the court will give the jury this further instruction:

"The only mode, provided by our constitution and laws for deciding questions of fact in criminal cases, is by the verdict of a jury. In a large proportion of cases, and perhaps, strictly speaking, in all cases, absolute certainty cannot be attained or expected. Although the verdict to which a juror agrees must of course be his own verdict, the result of his own convictions, and not a mere acquiescence in the conclusion of his fellows, yet, in order to bring twelve minds to a unanimous result, you must examine the questions submitted to you with candor, and with a proper regard and deference to the opinions of each other. You should consider that the case must at some time be decided; that you are selected in the same manner, and from the same source, from which any future jury must be; and there is no reason to suppose that the case will ever be submitted to twelve men more intelligent, more impartial, or more competent to decide it, or that more or clearer evidence will be produced on the one side or the other. And with this view, it is your duty to decide the case, if you can conscientiously do so. In order to make a decision more practicable, the law imposes the burden of proof on one party or the other, in all cases. In the present case, the burden of proof is upon the United States to establish every part of it, beyond a reasonable doubt; and if, in any part of it, you are left a reasonable doubt, the defendant is entitled to the benefit of such doubt. And, in conferring together, you ought to pay proper respect to each other's opinions, and listen, with a disposition to be convinced, to each other's arguments. And, on the one hand, if a majority are for acquittal, the minority ought seriously to ask themselves, whether they may not reasonably, and ought not to doubt the correctness of a judgment, which is not concurred in by most of those with whom they are associated; and possibly distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows. And, on the other hand, if much the larger number of your panel are for a conviction, a dissenting juror should likewise consider whether a doubt in his own mind is a reasonable

one, which makes no impression upon the minds of so many men, equally honest, equally intelligent with himself, who have heard the same evidence, with the same attention, with an equal desire to arrive at the truth, and under the sanction of the same oath."

Defendants J. V. Spaugh and Harry M. Curry duly excepted to the following portion of the foregoing instruction: "And, on the other hand, if much the larger number of your panel are for a conviction, a dissenting juror should likewise consider whether a doubt in his own mind is a reasonable one, which makes no impression upon the minds of so many men, equally honest, equally intelligent with himself, who have heard the same evidence, with the same attention, with an equal desire to arrive at the truth, and under the sanction of the same oath."

Thereafter, and while the jury were still deliberating as to the guilt or innocence of the defendants Harry M. Curry and J. V. Spaugh and before the jury had reached a verdict as to said defendants, the court made the following inquiry of the jury:

"Without indicating just how many ballots have been for one way and how many ballots the opposite way, that is to say, without indicating just how many stand in any particular way, either for acquittal or otherwise, but merely giving the numbers voting one way as against the other way; for example, if in one case stands 6 to 6, without indicating anything further, or if another case the vote stands 8 to 4, without indicating how many stand for acquittal and how many for conviction, may we ask you to indicate first of all, how many ballots have been taken in 11,752, which is the so-called conspiracy charge.

"Foreman Person: Your Honor, the different number of ballots have been taken separately against the different defendants.

"The Court: Well, then, coming now to the last balloting, will you indicate the numerical division, without indicating how many voted for acquittal and how many voted otherwise."

The defendants J. V. Spaugh and Harry M. Curry thereupon objected to the said inquiry of the court, in which the court asked the jury to indicate the numerical division of the jury and how the jury was divided on the balloting. Said objection was overruled, and defendants J. V.

Spaugh and Harry M. Curry thereupon duly excepted to said ruling.

The court then made further inquiry of the jury as follows: "The Court: Now, turning to case No. 11,752, may we inquire as to any balloting that still remains to be done, without indicating as to which defendant, but as to any balloting that still remains to be done—the numerical division with respect to such ballot."

The defendants J. V. Spaugh and Harry M. Curry thereupon objected to the said inquiry of the court, in which the court asked the jury to indicate the numerical division of the jury and how the jury was divided on the balloting. Said objection was overruled, and defendants J. V. Spaugh and Harry M. Curry thereupon duly excepted to said ruling.

"Foreman Person: In the case of one defendant, the ballot is ten to two; in the case of another defendant it is eleven to one.

"The Court: Coming now to case No. 11,757, will you tell us the numerical division as to count 1?

"Foreman Person: Eleven to one.

"The Court: Count 2?

"Foreman Person: Eleven to one.

"The Court: Count 3?

"Foreman Person: Eleven to one.

"The Court: Count 4?

"Foreman Person: Eleven to one.

"The Court: Count 5?

"Foreman Person: Eleven to one.

"The Court: That is all to which balloting is still in progress."

The defendants J. V. Spaugh and Harry M. Curry then and there objected to each and every inquiry made by the court as to how the jury were divided, which said objection was overruled, and to which ruling the defendants J. V. Spaugh and Harry M. Curry then and there duly excepted.

The verdicts are all dated, and the dates clearly disclosed that at the time the court made the inquiry of the jury as to the numerical division verdicts had not been arrived at as to these appellants. The action of the court was error. In Brasfield et al. v. U. S., 272 U. S. 448, 47 S. Ct. 135, 71 L. Ed. 345, and Burton v. U. S., 196 U. S. 283, 25 S. Ct. 243, 49 L. Ed. 482, which were followed by this court in Jordan v. U. S., 22 F.(2d) 966, 967, and Peterson v.

U. S., 213 F. 920, the holding was that such inquiry itself should be regarded as ground for reversal.

Judge Rudkin, in the opinion in Jordan v. U. S., supra, quoting from Brasfield v. U. S., supra, said: "* * * Such procedure serves no useful purpose that cannot be attained by questions not requiring the jury to reveal the nature or extent of its division. Its effect upon a divided jury will often depend upon circumstances which cannot properly be known to the trial judge or to the appellate courts and may vary widely in different situations, but in general its tendency is coercive. It can rarely be resorted to without bringing to bear in some degree, serious, although not measurable, an improper influence upon the jury, from whose deliberations every consideration other than that of the evidence and the law as expounded in a proper charge, should be excluded. Such a practice, which is never useful, and is generally harmful, is not to be sanctioned."

The judgment against appellant Curry in cause No. 11,757-H and the judgment against both appellants in cause No. 11,-752-H are reversed and cases remanded for new trial.