**UNITED STATES of America,**
**Appellee,**

**v.**

**Charles LA ROCCA, Defendant-Appellant.**

**No. 337, Docket 23507.**

United States Court of Appeals
Second Circuit.

Argued June 9, 1955.

Decided July 19, 1955.

**860**

J. Edward Lumbard, U. S. Atty., for Southern Dist. of New York, New York City, for appellee. Martin Carmichael, Jr., Asst. U. S. Atty., New York City, of counsel.

Henry A. Lowenberg, New York City, Attorney for defendant-appellant. Henry A. Lowenberg and Jacob W. Friedman, New York City, of counsel.

Before CHASE and MEDINA, Circuit Judges, and RYAN, District Judge.

PER CURIAM.

The contention of the appellant that the evidence was insufficient to support the verdict is based to a large extent on the mistaken idea that failure to prove his possession of the drug left it so. Though, of course, a seller of narcotics may, and very likely often does, have possession of what he sells, proof of possession is not necessarily a part of the proof of a sale. United States v. Brown, 7 Cir., 207 F.2d 310.

With that understood, it is apparent from this record that the evidence was ample to sustain the verdict. From it the jury could, as it evidently did, find that one Wheeler, who was then facing a charge of violation of the narcotic laws, knew the appellant and took a clerk in the Bureau of Narcotics to meet him at the corner of Ludlow and Delancey Streets in New York about eight o'clock one evening. The three men had walked along Ludlow Street part of a block when the appellant told them to wait for his partner. They did that and when the partner, who had been following them, came up he was introduced by the appellant as Eddie. Then Wheeler asked the appellant how many times the heroin they were going to purchase could be cut and the appellant asked whether it was for "snorters"[1] or "mainliners". When told it was for customers who were "snorters" appellant said it could probably be cut once. The appellant then led them, though not directly, to a luncheonette at the corner of Delancey and Essex Streets and leaving them inside with Eddie, went away. He returned in a few minutes, took Wheeler outside and after a short conversation with him went back into the luncheonette and asked the government clerk for "the money". When it was handed to him, he told the clerk to walk out when he saw Wheeler go by. Soon afterwards, Wheeler approached the luncheonette and the appellant told the clerk to "Go ahead". Wheeler took him to an apartment building at 110 Delancey Street where the heroin was in a glassine envelope under a radiator in the hallway and the clerk got it by reaching under the radiator for it. A member of the jury who was not by such evidence convinced beyond a reasonable doubt that it was the appellant who had sold the heroin for the money he received would have been naive indeed.

Nor is there any support whatever in the record for the claim of entrapment which the appellant now makes. There

1. Those who inhale the drug.

is nothing to indicate that he wasn't ready and willing to sell the heroin whenever he thought he had a safe chance to do so and his language and conduct shows him to have been no neophyte in that sort of business.

Neither side attempted to produce Wheeler, who was in jail at the time of the trial, as a witness and the appellant requested the court to charge that the failure of the government to call him would justify the inference that his testimony would have been unfavorable to the prosecution. This request was properly denied on the ground that, though he was in jail, he was equally available as a witness for either side. United States v. Cotter, 2 Cir., 60 F.2d 689; certiorari denied 287 U.S. 666, 53 S.Ct. 291, 77 L.Ed. 575; United States v. Antonelli Fireworks Co., 2 Cir., 155 F.2d 631, certiorari denied 329 U.S. 742, 67 S.Ct. 49, 91 L.Ed. 640.

Judgment affirmed.