Clayton **BUTLER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 16899.

United States Court of Appeals
Fifth Circuit.

April 30, 1958.

Rehearing Denied May 22, 1958.

Julian Hartridge, Savannah, Ga., for appellant.

Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This case, as does Cook v. United States, 5 Cir., 254 F.2d 871, concerns the effect of a district judge inquiring of the jury as to its numerical standing. After having been out for about forty-five minutes, the jury was recalled to the courtroom for the purpose of making arrangements for lunch, and the court inquired of the jury: "Let me ask you all something; have you about reached an agreement or not? The foreman replied: "We are about as far apart as we were when we started." The court then stated: "Well, now don't tell me how the jury stand, that is, don't tell me which way they stand, but how do you stand as to numbers 6 to 6, or 8 and 4, or 11 and 1? Just in respect to numbers." To which the foreman replied: "We are trying each count. Sometimes we get pretty close and then again we are not."

That such an inquiry constitutes error is well established.[1] Even though the question was first raised on appeal during oral argument before this court, it is such plain error as must be considered by this court.

We must, however, further consider whether the error should be disregarded because, under the circumstances of the particular case, it "does not affect substantial rights." Rule 52(a) Federal Rules of Criminal Procedure, 18 U.S.C.A.

In Brasfield v. United States, supra, the error was such as "affects the proper relations of the court to the jury, and cannot be effectively remedied by modification of the judge's charge after the harm has been done." 272 U.S. at page 450, 47 S.Ct. at page 136. Here the colloquy, which has been quoted, occurred about 1:00 P.M., just as the jurors, with the consent of the defendants,[2] were allowed to separate for lunch. Upon their return at 2:30 P.M. they requested and were given additional instructions on the conspiracy count. One of the jurors wanted to know "if these men, either one or both of these defendants, knew what was a conspiracy," to which the court responded, with prompt reply from the jury, as follows:

"The Court:

"I couldn't answer that. I don't know whether they did or not. I don't know whether they knew what a conspiracy was or not, because ignorance of the law doesn't excuse anyone.

"The Jury:

"That answers the question."

Thereafter, the jury returned its verdict finding both defendants "Guilty of Conspirity (sic) Count 1 only Not guilty on all other Counts." Under all of the circumstances of this case it seems clear to us that the inquiry as to the numerical division of the jurors had no coercive effect on the jury and did not affect substantial rights of the appellant.

We have carefully considered the evidence and find it sufficient to support the verdict of guilty on the conspiracy count against this appellant. The objections to evidence urged on appeal were not preserved in the district court. Rule 51, Federal Rules of Criminal Procedure.

The judgment is therefore

Affirmed.

---

1. Brasfield v. United States, 1926, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345; Kesley v. United States, 5 Cir., 1931, 47 F.2d 453, 454. See also Cook v. United States, 5 Cir., 254 F.2d 871.

2. The defendant, Travis Bashlor, though convicted, has not appealed.