Albert Eugene **BEALE**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17341.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1959.

Robert B. Smith, Ripley, Miss., Chester L. Sumners, Oxford, Miss., Sumners & Hickman, Oxford, Miss., for appellant.

Murray L. Williams, Asst. U. S. Atty., Oxford, Miss., Thomas R. Ethridge, U. S. Atty., Oxford, Miss., for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

Albert E. Beale was convicted of having possession of 158 gallons of whiskey, in violation of Section 5008(b), Title 26, United States Code.[1] The jury brought

---

1. "No person shall transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto in such manner as to be broken on opening the container, a stamp evidencing the tax or indicating

in a verdict of guilty. He was sentenced to serve eighteen months. We affirm.

(1) Beale contends that the court erred in allowing a government investigator to testify as to whiskey operations in which Beale was not involved.

Thomas Stuart was the only witness for the government to testify on direct examination. Before making any statements with reference to the defendant, Stuart testified that as a government agent he investigated bootleggers operating on a statewide scale in Mississippi. Stuart then testified as to the particular transaction for which Beale was indicted.

■ Beale complains that Stuart's testimony would lead the jury to believe that Beale was a member of a statewide whiskey ring. But there is nothing in the testimony saying or implying that Beale was tied in with any whiskey ring or implicated in any other liquor operations. The United States was entitled to qualify Stuart as a responsible agent in terms of his experience and activity, and that appears to have been the only purpose in having Stuart testify as to his investigations. The trial judge gave full and fair instructions to the jury that Stuart's testimony on other bootlegging had been admitted "for background information" on the witness. "What his arrangements were and what his plans of operation were, that part of it you may not consider as being evidence of any sort with reference to the guilt or innocence of this defendant on the charge against him." We find no reversible error on this point. See Herman v. United States, 9 Cir., 1919, 257 F. 601, certiorari denied 251 U.S. 558, 40 S.Ct. 179, 64 L.Ed. 413.

(2) Beale contends that the court erred in instructing the jury that Stuart's companions were available as witnesses for the defendant.

■ Beale's defense was that during the time the crime was committed he was at home. He argues that the jury would conclude from the charge [2] that he knew the names of Stuart's companions and therefore must have been present at the scene of the crime. We see no merit to this contention. The plain meaning of the charge is that neither the government nor the defendant may benefit from the absence of the witnesses, because each side had an equal opportunity to have them testify. "Nor is there any reason", the court stated in United States v. Antonelli Fireworks Co., 2 Cir., 1946, 155 F.2d 631, 639, certiorari denied 329 U.S. 742, 67 S.Ct. 49, 91 L.Ed. 640, "to disagree with the court's statement that the witnesses were equally available to both sides, in which case the authorities are also clear that no unfavorable presumption may be drawn." See also United States v. La Rocca, 2 Cir., 1955, 224 F.2d 859.

(3) Beale contends that the court erred in failing to instruct the jury properly as to the crime.

■ The trial judge did not define possession nor instruct the jury as to the elements of the offense. He charged: "By this indictment the defendant is charged with having in his possession 158 gallons of whiskey in Marshall County, Mississippi in January of 1948."

---

compliance with the provisions of this chapter." 26 U.S.C.A. (I.R.C.1954) § 5008(b).

2. The Court charged:
"Now, it may be in the arguments of attorneys something may be said or some comment may be made about two witnesses mentioned here who are not present on the record before you, these two people were equally available to the defendant and to the government, accordingly you should not give any credit to the government or to the defendant because those witnesses were not here. Processes of this Court would have reached them for the government and processes of this Court would have reached them for the defendant. If either side had wanted them here, so far as the record shows, they had equal opportunities to get them and their absence should not affect your judgment in passing on this case or in determining the guilt or innocence of the defendant."

If this were a case involving a close question as to whether there was possession, in a technical sense, or if there could have been any doubt in the mind of the jurors that failure to pay the tax was an element of the crime, we would be more impressed with the weight of the defendant's argument. But this is a simple, uncomplicated case. The jury could not have been misled to the defendant's prejudice by omissions in the charge. The omissions, such as they were, are harmless error.[3]

(4) Finally, Beale contends that the trial judge erred in inquiring as to the numerical division of the jury.

 This contention is controlled by principles expounded in Brasfield v. United States, 1926, 272 U.S. 448, 47 S. Ct. 135, 71 L.Ed. 345. The rationale in Brasfield is that when a trial judge inquires of a divided jury how far they are apart, numerically, it has a coercive effect on the panel, and is a serious judicial invasion of the jury's exclusive domain. We do not read Brasfield as establishing an inflexible rule. If the inquiry is unlikely to have any coercive effect, the error should be disregarded, because it "does not affect substantial rights". Butler v. United States, 5 Cir., 1958, 254 F.2d 875, 876.

Here, the case was submitted to the jury at 11:53 a. m. At 12:05 p. m. the jury returned. "Gentlemen", the trial judge said, "it is about time for you to eat; I want to check before our noon recess. Now I am not asking you how you stand with respect to the guilt or innocence of this defendant, but I am asking you how do you stand in numbers." A juror replied, "Nine and three, Your Honor." The court then recessed until 2:00 p. m. At 2:15 p. m. the jury returned a verdict of guilty.

While we think it clear that the better practice is to avoid making such inquiries, it is equally clear here that the trial judge was actuated by solicitude for the jury, to arrange a suitable luncheon hour, and not by a desire to pry into or influence their deliberation. This and the short time the jury deliberated over its verdict distinguish the case from Brasfield and from most of the decisions holding that the inquiry was reversible error.[4]

Weighing the defendant's assignments of error separately and cumulatively, we cannot hold that the trial judge committed reversible error. The judgment is Affirmed.

3. Rule 52(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. provides:
   "Any error, defect, irregularity or variance which does not affect substantial right shall be disregarded."

4. Cenedella v. United States, 1 Cir., 1955, 224 F.2d 778; United States v. Samuel Dunkel & Co., 2 Cir., 1949, 173 F.2d 506; Bowen v. United States, 8 Cir., 1946, 153 F.2d 747, certiorari denied 328 U.S. 835, 66 S.Ct. 980, 90 L.Ed. 1611; Jordan v. United States, 9 Cir., 1927, 22 F.2d 966; Kawakita v. United States, 9 Cir., 1951, 190 F.2d 506, 526; Spaugh v. United States, 9 Cir., 1935, 77 F.2d 720; Berger v. United States, 10 Cir., 1932, 62 F.2d 438.