**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Joe TANT and John Ted Jenkins,
Defendants-Appellants.**

**No. 26952.**

United States Court of Appeals
Fifth Circuit.

June 4, 1969.

Rehearing Denied June 27, 1969.

Certiorari Denied Oct. 20, 1969.
See 90 S.Ct. 152.

J. R. Cullens, Cartersville, Ga., for defendants-appellants.

Charles L. Goodson, U. S. Atty., F. D. Hand, Jr., Charles B. Lewis, Jr., Robert L. Smith, Asst. U. S. Attys., for plaintiff-appellee.

Before BROWN and GODBOLD, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

Billy Joe Tant and John Ted Jenkins appeal from their conviction for offenses involving untaxed whiskey [1]. Their sole attack is on the court's charge, or, more specifically, its lack of charge. They complain that the trial judge refused to instruct the jury that reasonable doubt may arise from the lack of evidence. This request was prompted by the fact that a government informer, or "special employee," was sworn at the beginning of the trial, was present throughout the trial, yet was not called as a witness by the government [2]. It is clear that his testimony would be cumulative since the government agents whom he had accompanied at each sale had testified to the facts of the sales.

The various United States Courts of Appeal who have considered this question have uniformly held that it is not error for the trial judge to refuse to charge that reasonable doubt could arise from the lack or failure of evidence. Laughlin v. United States, 128 U.S.App. D.C. 27, 385 F.2d 287 (1967); United States v. Meisch, 370 F.2d 768 (3 Cir. 1966); United States v. Caruso, 358 F.2d 184 (2 Cir. 1966). In the charge given, the court instructed that the jury, in passing on the question of reasonable doubt, should consider "all the facts and circumstances and evidence in the case * * *."

Thus, in this case, as in those cited, the instructions on reasonable

---

1. Counts One and Two charged defendants with aiding and abetting each other in the possession and sale of a quantity of untaxed whiskey. 26 U.S.C. § 5604(a) (1). Count Three charged them with carrying on a retail liquor dealer business and failure to pay the required tax thereon. 26 U.S.C. § 5691.

2. Nor was he called by the defendants, notwithstanding the fact that, by his presence in the courtroom, he was available to them. Therefore no unfavorable inference may arise by the government's failure to call him. See Beale v. United States, 263 F.2d 215 (5 Cir. 1959).

doubt were adequate to give the jury an understanding of that concept. As such, it is not error for the judge to refuse to instruct specifically that reasonable doubt may arise from the lack or absence of evidence.

Accordingly, the judgment below is af-firmed.