J. W. JONES et al., Plaintiffs-Appellants.

v.

J. W. NORVELL, Warden,
Defendant-Appellee.

No. 72–1469.

United States Court of Appeals,
Sixth Circuit.

Jan. 5, 1973.

Russell Rice, Jr., Jackson, Tenn., for plaintiffs-appellants.

William H. Haile, Nashville, Tenn., William Henry Haile, Asst. Atty. Gen., Nashville, Tenn., on brief; David M. Pack, Atty. Gen., of counsel, for defendant-appellee.

Before EDWARDS and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a decision of the United States District Court for the Western District of Tennessee denying a petition for writ of habeas corpus without an evidentiary hearing.

On appeal the only issue of substance pertains to appellants' claims that their Fourteenth Amendment rights were violated when the trial court judge at their state court trial gave a version of the "Allen" charge to a deadlocked jury. *See* Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). On review of the state court trial proceedings, it appears clear to this court that the trial judge was informed by a court officer not only that the jury was deadlocked, but that the jury stood 11 to 1. He then recited that division to the jury and asked whether the court officer's report of 11 to 1 was correct. On receiving a conditional affirmative, the trial judge said: "[I]t is your duty to reach a verdict if you can possibly do so—you 12 people are the only ones that can do it. The Court can't do it, nor anyone else. You twelve people are the only ones." Subsequently he ascertained that the jury majority was in favor of a guilty verdict and sent them back out to "see if you can make any progress. As I told you, it is your duty to decide this case, if you can do so." Thereupon within five minutes the jury returned with a verdict

finding all three defendants guilty and fixing the punishment at five years in the state penitentiary.

The court believes that the facts recited above involved the invasion of jury secrecy (*See* Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966); Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965)), the identification of a deadlocked jury's majority-minority count (*See* Brasfield v. United States, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345 (1926)), a coercive jury charge (*See e. g.*, Jenkins v. United States, 380 U.S. 445, 446, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965)) and the speedy return of a verdict subsequent to the charge (*See e. g.* United States v. Rogers, 289 F.2d 433, 436–437 (4th Cir. 1961)). These facts constitute a totality of circumstances which violate the constitutional rights of appellants to a fair and impartial jury trial under the Sixth and Fourteenth Amendments.

The decision of the District Court is reversed and the case is remanded for entry of the writs prayed for, unless the state sees fit to retry the appellants within a reasonable time.