**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lazaro JORGE–SALON, Fermin Vacallao Alfonson, Defendants-Appellants.**

**No. 83–8380.**

United States Court of Appeals,
Eleventh Circuit.

June 18, 1984.

---

Torin D. Togut, Decatur, Ga. (Court Appointed), for Jorge-Salon.

Michael K. McIntyre, Atlanta, Ga., for Alfonson.

Richard B. Kuniansky, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY, FAY and CLARK, Circuit Judges.

PER CURIAM:

Defendants, Fermin Vacallao-Alfonson and Lazaro Jorge-Salon, appeal their convictions for murder, attempted murder, and conspiracy to commit murder in connection with the killing of Eduardo Trizan-Montenegro and an assault upon Silvio Duquesne-Parodi in the United States Penitentiary in Atlanta, Georgia, where the defendants and the victims were in custody. 18 U.S. C.A. §§ 1111, 1113, and 1117. Following a jury trial, defendants were convicted and sentenced to life imprisonment.

On this appeal, defendants claim (1) violation of their Fifth and Sixth Amendment right to a speedy trial, and violation of their Sixth Amendment right to effective

assistance of counsel; (2) insufficiency of the evidence; (3) deficiencies in the composition of the petit jury; (4) deficiencies in the selection of forepersons within the Northern District of Georgia; (5) erroneous refusal to instruct the jury that they could consider the Government's failure to produce available evidence; (6) erroneous refusal to permit the jury to view parts of the Atlanta penitentiary; and (7) erroneous refusal to forbid the Government to refer at trial to the aliases of the defendants. We affirm. None of the points on appeal merits extended discussion, but we address them seriatim.

■ Defendants failed to show the preindictment delay resulted in substantial prejudice to their defense or represented a deliberate Government effort to gain a tactical advantage over them. *See United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Durnin,* 632 F.2d 1297, 1299 (5th Cir. 1980) (such a showing required to prove Fifth Amendment violation due to unreasonable preindictment delay). Defendants' contention that they were "accused" for Sixth Amendment purposes at the time they were placed in segregation has been explicitly rejected by this Court. *United States v. Mills,* 704 F.2d 1553, 1554 (11th Cir.1983).

■ The argument that defendants' rights to the effective assistance of counsel were violated due to the preindictment delay is raised for the first time on appeal. It is answered by the holding of the Supreme Court in *Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972) (Sixth Amendment right to counsel does not attach until adversary judicial proceedings are instituted), and the decision of this Court in *United States v. Mills,* 704 F.2d at 1556 (conviction of prisoner in segregation for approximately nineteen months before indictment was returned and counsel was appointed affirmed on grounds that segregation did not represent the "accusatory" phase of the proceedings).

The contrary view of the Ninth Circuit in *United States v. Gouveia,* 704 F.2d 1116 (9th Cir.), *cert. granted,* —— U.S. ——, 104 S.Ct. 272, 78 L.Ed.2d 254 (1983), which defendants urge we adopt, was based on the Sixth Amendment right to counsel, not the Sixth Amendment right to speedy trial, and is presently docketed for review by the United States Supreme Court. In any event, this panel is bound by the law of the Circuit as set forth in *Mills.*

Viewing the evidence in the light most favorable to the Government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and making all credibility choices in support of the jury verdict, *United States v. Black,* 497 F.2d 1039 (5th Cir.1974), the evidence was sufficient to convict the defendants.

There was no deficiency in the composition of the petit jury, *United States v. Tuttle,* 729 F.2d 1325 (11th Cir.1984), or in the selection of forepersons in the Northern District of Georgia, *United States v. Sneed,* 729 F.2d 1333 (11th Cir.1984).

■ It was not error for the judge to refuse to instruct specifically that reasonable doubt may arise from the absence of evidence, the so-called "missing witness" charge, since that charge is encompassed within the standard charge on reasonable doubt. *United States v. Tant,* 412 F.2d 840 (5th Cir.), *cert. denied,* 396 U.S. 876, 90 S.Ct. 152, 24 L.Ed.2d 134 (1969).

■ The district court's denial of defendants' request for a jury view of the Atlanta penitentiary was within the sound discretion of the trial judge. *United States v. Bryant,* 563 F.2d 1227 (5th Cir.1977), *cert. denied,* 435 U.S. 972, 98 S.Ct. 1616, 56 L.Ed.2d 65 (1977).

■ The district court's refusal to forbid the Government to refer at trial to the aliases of the defendants was not plain error. Defendants neither renewed the pretrial motion to strike at the close of the evidence, nor reminded the court to give a cautionary instruction at the appropriate time, despite the court's earlier request that they do so. The use of an alias in an indictment and in evidence is permissible if

it is necessary to connect the defendants with the acts charged. *United States v. Taylor, a/k/a "Red",* 554 F.2d 200, 203 (5th Cir.1977); *United States v. Clark a/k/a "Mauser",* 541 F.2d 1016 (4th Cir. 1976); *United States v. Miranda a/k/a "Wimpy",* 494 F.2d 783 (5th Cir.), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974). Here, the last words uttered by the deceased were the alias of defendant Lazaro Jorge-Salon, "The Crazy One". The alias of defendant Alfonson, "The Egg", is similar to the alias "Red" in *Taylor* which the court observed, "is no more than a nickname." The fact that the jury expressly informed the court that they were having trouble with the real names of the defendants and the witnesses further supports the court's decision on this question.

AFFIRMED.