**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lester RAMSEY and Charlesetta Jackson,**
**Defendant-Appellants.**

**No. 14461.**

United States Court of Appeals
Sixth Circuit.

June 30, 1961.

———◆———

Henry Heading, Detroit, Mich., for appellant L. Ramsey.

Basil W. Brown, Detroit, Mich., for appellant C. Jackson.

Jerome A. Moore, Asst. U. S. Atty., Detroit, Mich. (Lawrence Gubow, U. S. Atty., Robert E. DeMascio, Jerome A. Moore, Asst. U. S. Attys., Detroit, Mich., on the brief), for appellee.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Defendant-Appellants, Lester Ramsey and Charlesetta Jackson, appeal from judgments of conviction entered upon a jury's verdict finding each of them guilty on two counts (counts four and five) of an indictment charging them with possession and sale of narcotics on various dates in violation of Section 4705(a), Title 26 U.S.C.A., and Section 2(a), Title 18 U.S. C.A. The indictment contained seven counts, the first of which charged the defendants with conspiracy to violate the mentioned statutes. This conspiracy count was dismissed at the close of the government's case. The jury acquitted the defendants on four of the remaining counts. Counts four and five (upon which the defendants were convicted) related to a transaction in narcotics which occurred on February 12, 1959, in the City of Detroit.

For reversal, defendant Ramsey asserts, first, that there was not sufficient evidence to warrant submission of the question of his guilt to the jury, and, second, that the district judge failed to adequately instruct the jury as to the law

applicable to the crime charged. Defendant Jackson relies for reversal on the said claimed failure of the district judge to properly instruct the jury and upon the further ground that her involuntary absence from the courtroom during a portion of the court's charge to the jury violated Rule 43 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

There was evidence that defendant, Lester Ramsey, prior to and during the months of December, January and February, 1959, was living at an apartment at 13620 LaSalle, Detroit. The defendant Charlesetta Jackson was his lady friend and was accustomed to spend three or four days and nights of each week at Ramsey's apartment. A principal witness for the government, one Lewis, was acquainted with both defendants and had had transactions with them involving the sale and purchase of narcotics. He would properly be classified as an informer and special employee of the Narcotics Bureau. On February 12, 1959, collaborating with agents of the Narcotics Bureau, he placed a telephone call to the Ramsey apartment. The defendant Jackson was there, and in the ensuing telephone conversation arrangements were made for Lewis to go to the apartment to purchase a package of narcotics. With another agent, he drove to the Ramsey apartment and while the other agent waited in a car, met defendant Jackson at the back door of the building in which the Ramsey apartment was located. Lewis paid the defendant Jackson $200 and received from her two envelopes containing heroin. Examination of these two envelopes disclosed fingerprints of defendant Ramsey on each of them.

The witness Lewis told of a transaction which occurred on December 19, 1958, when he called the same Ramsey apartment and talked with Ramsey, arranging to purchase narcotics and was told by Ramsey to come to the apartment to pick it up. Lewis did so, finding defendant Jackson there. While Lewis was there, defendant Ramsey called by telephone and told Charlesetta that it was all right to complete the narcotics transaction. It

was so done. At Christmas time in 1958, the defendants joined in sending a Christmas card containing their pictures with the greeting, "The Ramseys, Lester and Charlesetta."

█ 1. *Sufficiency of evidence as to defendant Ramsey.* Defendant Ramsey here charges that proof of his fingerprints on the two envelopes of narcotics sold by defendant Jackson to the government agent, was not sufficient evidence of participation in the sale and possession of the narcotics by him to justify his conviction, either as a principal or as aiding and abetting. No motion for a direction of acquittal was made by him at any time. In the absence of such motion, we will not ordinarily consider the question of the sufficiency of the evidence. Rosenbloom v. United States, 8 Cir., 1958, 259 F.2d 500, 502; Moomaw v. United States, 5 Cir., 1955, 220 F.2d 589, 592; Loewenthal v. United States, 6 Cir., 1921, 274 F. 563, 571; Mitchell v. United States, 8 Cir., 1954, 208 F.2d 854, 857. If we observed plain error or an obvious miscarriage of justice, we could, with propriety, set aside a conviction despite the absence of such a motion. Loewenthal v. United States, supra. Aside, however, from the fingerprint evidence, the jury had before it the relationship between the defendants and their obvious collaboration in the business of selling narcotics, the evidence of the December 19th transaction when Charlesetta made the delivery in fulfillment of an order placed with Ramsey. Defendant Ramsey did not take the stand. Defendant Jackson denied the alleged sale of February 12, but testified that she had been in the habit of purchasing cocaine from the government's witness, Lewis. The jury had before it the foregoing evidence, in addition to the fingerprint identification. Convictions for narcotic violations have been upheld where the government's reliance was primarily on the finding of a defendant's fingerprints on the packages involved. Stoppelli v. United States, 9 Cir., 1950, 183 F.2d 391, certiorari denied, 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631; United States v. Pisano, 7 Cir., 1951, 193 F.2d 361. We do not find

such plain error or miscarriage of justice as would prompt us to reverse for insufficiency of evidence. The language of Judge Knappen in the Loewenthal case is appropriate here,

"We cannot weigh the evidence. In our opinion, the case does not justify the exercise of the extraordinary authority referred to." [274 F. 571]

■■■ 2. *Adequacy of the trial court's charge.* Without particularizing here, or in the district court, on what was lacking in the court's charge, both appellants by their statements of questions involved ask whether the "court properly instructed the jury as to the law applicable to the crime charged." Neither defendant requested an instruction which was refused nor made any objection to, or suggested any change in or amplification of, the charge as given. Rule 30 of the Federal Rules of Criminal Procedure would, therefore, foreclose the claim of error here asserted, unless the court's charge was so lacking in explanation of the offenses charged and their elements as to be fundamentally erroneous and inadequate. Plain error would be noted by us even though there was no request for instruction on the point. United States v. Levy, 3 Cir., 1946, 153 F.2d 995; Morris v. United States, 9 Cir., 1946, 156 F.2d 525, 169 A.L.R. 305; Suhay v. United States, 10 Cir., 1938, 95 F.2d 890; Williams v. United States, 1942, 76 U.S.App. D.C. 299, 131 F.2d 21, 23.

Conversely, "in the absence of a request for a charge, a reversal is justified only if the failure to instruct constitutes 'a basic and highly prejudicial error'." United States v. Gordon, 3 Cir., 1957, 242 F.2d 122, 126.

In the case before us, the court, early in his charge, said:

"Now this case is brought on a six count indictment. There were originally seven counts, but by motion of the defendant's attorney, the judge dismissed the conspiracy count, which was number one, and the court will analyze to you the charges which we are now trying against these two defendants."

This preliminary observation was followed by the trial judge's review of the charges contained in each count of the indictment, although he did not read the content of each count in full or read the statutes claimed to have been violated. During the jury's deliberations, they were given the indictment. We do not consider the case under consideration complicated. It is easy for a jury to understand the criminality involved in the sale and possession of narcotics. It was likewise not difficult to evaluate the proofs offered in this case to establish the commission of the offenses charged. Under the facts of this case, we are not persuaded that the court's charge was so inadequate as to call for reversal. United States v. Gordon, supra; Giardano v. United States, 8 Cir., 1958, 251 F.2d 109, 117, certiorari denied, 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147; Beale v. United States, 5 Cir., 1959, 263 F.2d 215, 217.

■■■ 3. *Absence of defendant Jackson at beginning of court's charge.* After the trial judge had begun his charge to the jury, it was discovered that Charlesetta Jackson was absent from the courtroom. The charge was suspended and resumed when she returned to the courtroom. What had been said by the judge during her absence is described in her brief here as, "relatively innocuous in its import." We agree, and find no reason to reverse because of the incident.

The judgments are affirmed.