**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Kenneth E. BIERLEY, Defendant-Appellant.**

**No. 75–1237.**

United States Court of Appeals, Sixth Circuit.

Aug. 15, 1975.

Arthur Clark, Jr., Cobb, Combs, Beasley & Oldfield, W. Robert Lotz, Jr., Covington, Ky., for defendant-appellant.

Eugene E. Siler, U. S. Atty., James E. Arehart, Richard E. Duerr, Jr., Lexington, Ky., for plaintiff-appellee.

Before WEICK and MILLER, Circuit Judges, and CECIL, Senior Circuit Judge.

WEICK, Circuit Judge.

Appellant Bierley was convicted by a jury in the District Court on each count of a two count indictment charging him with forcibly assaulting, resisting, opposing and interfering with a federal officer, namely H. D. Shafer, a Postal Inspector, in the performance of his offi-

cial duties and with using, for that purpose a deadly or dangerous weapon in violation of 18 U.S.C. § 111. He was sentenced to two years imprisonment on each count to run concurrently. Bierley has appealed from his judgment of conviction. We affirm.

Postal Inspector Shafer was investigating the use of the mails to obtain credit cards by fraudulent applications. On the day of the encounter he had set up a stake-out in front of a residence in Covington, Kentucky where he had been informed that fraudulent applications were being delivered by mail.

Bierley drove to this residence in his white automobile and proceeded to the area of the mail box. Shafer had been given a description which corresponded to the appearance of Bierley and his automobile.

Shafer testified that he approached Bierley, told him he wanted to talk to him, and produced his credentials as a Postal Inspector.

Shafer then asked Bierley to identify himself. Bierley produced an Ohio driver's license card issued to Ronald J. Platner. Shafer knew that this name had been on a fraudulent application for a credit card and also that this particular driver's license had been on a list of stolen drivers' licenses he had received. Shafer then placed Bierley under arrest. Bierley struck Shafer in the face with his fist, fracturing Shafer's nose. He struck Shafer a second time. As they scuffled Shafer drew his revolver but was disarmed. Bierley drew a small pearl-handled revolver, retreated to his car and drove away.

Bierley denied that Shafer ever identified himself. Bierley testified that he did not know that Shafer was a federal officer; that Shafer wore no uniform but was dressed in plain clothes. He testified that he thought that Shafer had been sent by his girl friend's husband to do him bodily harm. He had no corroboration of this story. Bierley also testified that the gun which he drew was a toy pistol.

Shafer was corroborated by the testimony of two bystanders who saw him exhibit an identification card to Bierley and overheard some of the conversation.

The jury apparently believed the testimony of Shafer and the other government witnesses rather than the uncorroborated testimony of Bierley.

■ It should be noted that at the trial Bierley made no motion for judgment of acquittal at the close of the government's case in chief or at the close of all of the evidence. Ordinarily, the sufficiency of the evidence to support a judgment of conviction may not be challenged on appeal where no motion for judgment of acquittal has been made. Bierley made no requests of the court to charge the jury. He, too, made no objection to the court's charge to the jury as required by Rule 30 of the Federal Rules of Criminal Procedure.

■ Under these circumstances the conviction may not be set aside on appeal unless there is plain error or a gross miscarriage of justice. *United States v. Ramsey*, 291 F.2d 737 (6th Cir. 1961) *cert. denied*, 368 U.S. 899, 82 S.Ct. 177, 7 L.Ed.2d 94 (1961).

■ The recent decision of the Supreme Court in *United States v. Feola*, 420 U.S. 671, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975), is dispositive of the issues here. The court interpreted the statute to mean what it says. Assault upon a federal officer is proscribed. It is not necessary, in the absence of special circumstances, to prove that the defendant knew that the person he assaulted was a federal officer. In our opinion the instructions of the court to the jury were correct. We find no plain error in this case.

Affirmed.