**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Michael Dwayne COMBS,**
**Defendant-Appellant.**
No. 84–5242.
United States Court of Appeals,
Ninth Circuit.
Submitted May 7, 1985.
Decided June 11, 1985.

Joan Weber, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Walter Maund, San Diego, Cal., for defendant-appellant.

Before KENNEDY, HUG and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

Defendant Michael Combs appeals his convictions on both counts of a two-count indictment. Finding that the district court incorrectly instructed the jury on the offense charged in Count One, we reverse Combs' conviction with respect to Count One. We affirm, however, his conviction of the offense charged in Count Two.

## I.

In November 1983, two deputy sheriffs, responding to a report of rapid-fire shooting, approached a small group of men and women who were shooting guns on private property. The owner of the property informed the deputies that he thought it was permissible to shoot guns on his property. The deputies advised him that it was not permissible to shoot weapons in that area.

The deputies then noticed a rifle lying on the ground which appeared to have a shortened, and therefore, illegal barrel. In response to the officers' questioning, defendant Michael Combs identified himself as the owner of the rifle. Upon advising Combs that they believed the rifle to be an illegal weapon due to the length of the barrel, the deputies impounded the gun. They did, however, inform Combs that they would return the weapon to him if it proved to be

legal. Combs responded that he had bought the weapon (an Uzi) sometime around January.

Upon further questioning, Combs stated that he had other weapons in his truck. One deputy accompanied Combs to his truck and found the other weapons to be legal. He also found the gun case for the Uzi. The case contained a simulated suppressor and two other gun barrels, one of legal length and one which was not, for the Uzi.

On April 11, 1984, a grand jury returned a two-count indictment against Combs. Count One charged Combs with a violation of section 5861(c) of Title 26 of the United States Code, based on his possession of a firearm which had been made from a rifle in violation of sections 5821 and 5822 of that same title. Count Two charged him with possessing an unregistered firearm having a barrel length of less than sixteen inches in violation of section 5861(d) of Title 26 of the United States Code.

After a jury trial, Combs was convicted on both counts of the indictment. Combs was sentenced to the custody of the Attorney General for two years under Count One. Pursuant to section 3651 of Title 18 of the United States Code, Combs was ordered to serve thirty days in a jail-type institution with the execution of the remainder of the sentence suspended, and he was placed on three years' probation. He was given the identical sentence on Count Two, with that sentence to run concurrently to the sentence on Count One.

## II.

Combs contends that the district court's statement in its instruction to the jury of the elements of the offense charged in Count One of the indictment was incorrect and lessened the prosecution's burden of proof. We agree with this contention and therefore reverse his conviction on Count One.

In Count One of the indictment, Combs was charged with violating section 5861(c) of Title 26 of the United States Code by possessing a firearm made in violation of

sections 5821 and 5822 of that same title. Section 5821 requires that a tax be paid by any person making a firearm and section 5822 requires that a written application be filed with the Secretary by any person making a firearm and that such person have previously paid any tax due and have obtained the approval of the Secretary to make and register the firearm.

■ Combs' counsel requested that the court instruct the jury on sections 5821 and 5822. The court, however, refused to do so and instead instructed the jury on Count One as follows:

> The offense charged in Count 1 of the indictment has two essential elements as follows: first: that the defendant at the time and place charged in the indictment knowingly possessed a rifle with a barrel of less than 16 inches in length; and two, that the rifle had been made into a rifle having a barrel of less than 16 inches.
>
> The government is obliged to establish each of these elements by proof beyond a reasonable doubt. The law never imposes on the defendant in a criminal prosecution the burden of calling any witnesses or of introducing any evidence.
>
> The term "make," and the various derivatives of such word, includes putting together, altering, any combination of these, or otherwise producing a firearm.

Mere possession of a short-barreled rifle is not illegal under section 5861(c). It is possession of a firearm made in violation of some other provision of the code that is prohibited under section 5861(c). In this case, the code sections allegedly violated were sections 5821 (nonpayment of tax) and 5822 (written application). The court did not instruct on either section.

■ It is the duty of the district court to instruct the jury on all the essential elements of the crime charged. *United States v. Bryant,* 461 F.2d 912, 920 (6th Cir.1972). *See also United States v. Mastelotto,* 717 F.2d 1238, 1248 (9th Cir.1983). When a person is prosecuted under a statute, the requirements of the statute should be explained to the jury so that they may determine whether or not the defendant's conduct fits within the statute. *Bryant,* 461 F.2d at 920; *Morris v. United States,* 156 F.2d 525, 529, 531 (9th Cir.1946). "A jury may not justifiably find a verdict until they are instructed on the law, sufficiently to show them what is necessary for proof." *Morris,* 156 F.2d at 531. The court's instruction in this case was so lacking in explanation of the offense charged and its elements that it was fundamentally erroneous and inadequate. *Id. Cf. United States v. Ramsey,* 291 F.2d 737, 739 (6th Cir.) *cert. denied,* 368 U.S. 899, 82 S.Ct. 177, 7 L.Ed.2d 94 (1961).

By merely instructing the jury that Combs would be guilty of the crime charged in Count One if he possessed a rifle with a barrel of less than 16 inches and had made that rifle into a rifle having a barrel of less than 16 inches, the court incorrectly defined the offense actually charged in Count One. The court substantially amended the indictment through its instructions to the jury and thus " 'destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury.' " *United States v. Pazsint,* 703 F.2d 420, 424 (9th Cir.1983) (quoting *Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960) ). The court broadened the possible basis for conviction in its instruction, and this constitutes reversible error. *United States v. Miller,* —— U.S. ——, ——, 105 S.Ct. 1811, 1815, 85 L.Ed.2d 99 (1985). The court thus erred in rejecting Combs' proposed instructions. *See United States v. Tille,* 729 F.2d 615, 624 (9th Cir. 1984) (no error in rejecting requested instructions where court's instructions addressed all elements); *United States v. Lane,* 708 F.2d 1394, 1397–98 (9th Cir. 1983).

The court had no discretion to refuse to define the crime charged in terms of the very statutes whose violation constituted the crime. *See Morris,* 156 F.2d at 531–32. Without finding that Combs had violated sections 5821 or 5822, the jury could not properly return a guilty verdict under Count One. The court's instructions thus

were misleading and failed to guide the jury on the offense actually charged. *Pazsint,* 703 F.2d at 424. Therefore, because the court's instructions on Count One did not define the offense actually charged in Count One, the district court clearly erred as a matter of law.[1]

### III.

Combs also contends that there was insufficient evidence to convict him of the offense charged in Count Two. Count Two of the indictment charged Combs with knowingly and willfully possessing a firearm which had not been registered and licensed to Combs as required by section 5841 of Title 26 of the United States Code, such possession being in violation of section 5861(d) of that same title. Under section 5841 any "maker" of a firearm is required to register each firearm he "makes."

■ Combs first argues that there is insufficient evidence that he was the "maker" of the firearm. This argument is without merit. The government introduced sufficient evidence that Combs was a "maker" of the firearm within the meaning of the statute.

Section 5845(i) defines the term "make" as including "manufacturing (other than by one qualified to engage in such business under this chapter), putting together, altering, any combination of these, or otherwise producing a firearm." 26 U.S.C. § 5845(i). The government offered expert testimony that when Combs replaced the Uzi's 16-inch barrel with a 9¼-inch barrel he altered the Uzi from a legal rifle to an illegal concealable pistol. The Uzi rifle is sold in the United States with a 16-inch barrel and has a warning imprinted on it that it is illegal to modify the weapon in any way. In addition, the instructional manual that comes with the Uzi states that to take out the 16-inch barrel and replace it with a shorter barrel creates an illegal weapon. The evidence at trial indicated that the barrel originally attached to the rifle was detached and the shortened barrel installed in its place. Combs was found in possession of the Uzi with the shortened barrel, and the barrel of legal length with which the Uzi is sold in the United States was found in the back of his truck along with the case for the Uzi. From the evidence presented at trial, there was sufficient evidence for the jury to conclude that Combs bought the shorter barrel and installed it. Thus the Uzi was altered by Combs and therefore was "made" within the terms of the statute.

■ There was also sufficient evidence of nonregistration. The government introduced into evidence the certified report of the custodian of the National Firearms Registration and Transfer Record that no record of the firearm existed in the Registry. The defendant did not contest the truth of this report or offer any evidence to the contrary. He did contest the admissibility of this report but, as discussed *infra,* his contentions in that regard are without merit.

The evidence was therefore sufficient for the jury to find beyond a reasonable doubt that the defendant had committed the offense charged in Count Two.

### IV.

[7] The district court admitted into evidence a certified report signed by M. Colleen Davis, NFA specialist, in which she stated that she had custody and control of the National Firearms Registration and Transfer Record concerning the registration, importation, transfer and making of firearms and of approved applications to make and register firearms. In this report

---

1. While it is true that the court also read Count One of the indictment to the jury, this did not cure the defective instruction. The indictment did not define section 5821 or section 5822 but merely stated that Combs had allegedly violated them (i.e., it only mentioned them by number and gave no description of their requirements or set forth any of their language). Furthermore, as the court must define the crime charged, a mere reference to the indictment is insufficient. *United States v. Bosch,* 505 F.2d 78, 82 (5th Cir.1974). *See Pazsint,* 703 F.2d at 424.

she certified that after a diligent search she found no evidence that the firearm described in the indictment had been registered to or lawfully acquired by Combs and no application by Combs to make and register a firearm.

The report by Davis was not under seal, so the government had attached to the report a document under seal executed by Gary Schaible, Chief of the National Firearms Act Branch of the Bureau of Alcohol, Tobacco, and Firearms. In that document, Schaible stated that Davis had proper custody and control of the Firearms Registration and Transfer Record, that he was familiar with her signature, and that the signature on the report appeared to be true.

This report was properly admitted under Rules 803(10) and 902(2) of the Federal Rules of Evidence. *See United States v. Beason,* 690 F.2d 439, 443–45 & n. 5 (5th Cir.1982), *cert. denied,* 459 U.S. 1177, 103 S.Ct. 828, 74 L.Ed.2d 1023 (1983); *United States v. Stout,* 667 F.2d 1347, 1352 (11th Cir.1982). Under Rule 803(10), the following is not excluded by the hearsay rule:

> *Absence of public record of entry.* To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with Rule 902, or testimony that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

Rule 902 provides:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> (1) *Domestic public documents under seal.* A document bearing a seal purporting to be that of the United States, or of any State ... or of a political subdivision, department, office, or agency thereof, and a signature purporting to be an attestation or execution.

> (2) *Domestic public documents not under seal.* A document purporting to bear the signature in his official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

Combs argues on appeal that Schaible's certification that Davis has custody and control of the National Firearms Registration and Transfer Record does not certify that Davis has the "official capacity" to act as required by rule 902(2). The same argument was raised and rejected as without merit in *United States v. Beason,* 690 F.2d 439 (5th Cir.1982), *cert. denied,* 459 U.S. 1177, 103 S.Ct. 828, 74 L.Ed.2d 1023 (1983). The *Beason* court found that rule 902 required no certification of the *delegation of custodial authority* but that a signed certification by the public officer having actual legal custody was sufficient to satisfy the rule. *Id.* at 444 & n. 5.

## V.

Before trial, Combs moved to suppress the statements which he had made to the deputy sheriffs concerning the Uzi. After a full evidentiary hearing, the district court found that at the time the officers talked with the defendant, it was merely an investigative stage and Combs was not in custody for the purposes of *Miranda.* On appeal, Combs challenges this finding.

The district court's finding with respect to whether or not questioning is a "custodial interrogation" within the meaning of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is reviewed under the clearly erroneous standard. *United States v. Snowadzki,* 723 F.2d 1427, 1430 (9th Cir.1984); *United States v. Booth,* 669 F.2d 1231, 1235–36 (9th Cir.1981). Reviewing the totality of circumstances at the time of the alleged

restraint following the guidelines set forth in this circuit in *United States v. Booth*, 669 F.2d at 1235, the district court's finding must be upheld.

Under *Booth*, the pertinent areas of inquiry include:

> [T]he language used by the officer to summon the individual, the extent to which he or she is confronted with evidence of guilt, the physical surroundings of the interrogation, the duration of the detention and the degree of pressure applied to detain the individual.

669 F.2d at 1235. Once these facts have been considered, "the court must determine whether a reasonable, innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave." *Id.*

■ Here, the deputies responded to a radio report of rapid-fire shooting and their questioning was directed at the entire group of men and women outdoors upon open property. The deputies testified that it was routine practice for them to go and discuss with residents rapid-fire shooting that takes place and usually all they do is give a warning. When the deputies first saw the Uzi, they were not sure it was an illegal weapon and they told Combs it would be returned to him if they found it to be legal after checking it. No one was arrested or taken into custody at the time of the questioning and, considering all the surrounding circumstances, the district court's decision that a reasonable person would conclude that after brief questioning he or she would be free to leave was not clearly erroneous.

## VI.

Combs' conviction of the offense charged in Count One is REVERSED. His conviction of the offense charged in Count Two is AFFIRMED.

---

\* William E. Brock, III, the current Secretary of Labor, is substituted for former Secretary Dono-