842 F.2d 333
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Allen KONRAD, Defendant-Appellant,
 No. 87-1256.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1988.
 
 Before KEITH, WELLFORD and DAVID A. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Mark Allen Konrad appeals from a jury verdict finding him guilty of conspiring to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. Sec. 846. For the reasons set forth below, we AFFIRM appellant's conviction.
 
 
 2
 Appellant was indicted by a federal grand jury in the Eastern District of Michigan for conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 (count one); distributing six ounces of cocaine on August 29, 1986, in violation of 21 U.S.C. Sec. 841(a)(1) (count two); possession with intent to distribute cocaine (counts three and four); possession of marijuana (count five); and unlawfully using a telephone to facilitate the narcotics conspiracy (count six). After a jury trial, appellant was found guilty of five of the six counts. Appellant received concurrent ten-year sentences on counts one, two and four, and concurrent sentences of one and four years on counts five and six, respectively.
 
 
 3
 In August of 1987, an undercover informant, Mark Wells, advised DEA agents that appellant was willing to sell him cocaine. Wells then made arrangements with appellant to trade six or seven ounces of cocaine for a 1984 Corvette sports car. DEA agent Marie Johnson obtained the Corvette for the trade and arranged for surveillance of appellant's house.
 
 
 4
 On August 29, 1986, Wells arranged to meet appellant at a restaurant so appellant could inspect the car. Appellant asked his sister-in-law, Donica Pillera, to give him a ride to look at the car. After Pillera picked appellant up at his house, he told her he was going to trade cocaine for the car. He emptied out her purse and put the cocaine in it. Appellant then let Pillera out at a pizza restaurant on the way to his meeting with Wells. Appellant met Wells at a parking lot, inspected the car, and took Wells in Pillera's car to meet Pillera and complete the transaction. Pillera got into the back seat of the car and handed Wells the cocaine. All three then returned to the parking lot where Wells had left the Corvette. After appellant signed a ficticious title for the Corvette, he and Pillera were arrested. Following the arrest, a search warrant was obtained and the agents conducted a search of appellant's house. The agents found cocaine, marijuana, hashish and more than eleven thousand dollars on the premises.
 
 
 5
 On appeal, appellant contends that the government failed to present sufficient evidence to prove that he was guilty of conspiring to possess with intent to distribute and to distribute cocaine. Appellant specifically argues that his conviction on this count should be overturned because Pillera was not a willing participant in the conspiracy. We disagree.
 
 
 6
 It should be noted that at trial appellant made no motion for a judgment of acquittal pursuant to Fed.R.Crim.P. 29. Ordinarily, the sufficiency of the evidence to support a judgment of conviction may not be challenged on appeal where no motion for a judgment of acquittal has been made. However, the conviction may be set aside on appeal if there is plain error or a gross miscarriage of justice. See United States v. Bierley, 521 F.2d 191, 192 (6th Cir.1975) (citing United States v. Ramsey, 291 F.2d 737 (6th Cir.), cert. denied, 368 U.S. 899 (1961)). This court finds that no miscarriage of justice occurred in this case.
 
 
 7
 The essential elements of a conspiracy are that the conspiracy was willfully formed and that the defendant willfully became a member of the conspiracy. United States v. Bourjaily, 781 F.2d 539, 544 (6th Cir.1986), aff'd, 107 S.Ct. 2775 (1987). In other words, to establish a 21 U.S.C. Sec. 846 conspiracy, the government is required to prove that appellant "agreed to participate in what he knew to be a joint venture to achieve a common goal." Id. (citation omitted). Evidence of an explicit, formal agreement is not required. United States v. Gallo, 763 F.2d 1504, 1520 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986), and 474 U.S. 1069 (1986), and 475 U.S. 1017 (1986) (citation omitted).
 
 
 8
 This court must view the evidence in the light most favorable to the government and must AFFIRM a conviction if "any rational trier of fact" could find the elements of the offense beyond a reasonable doubt. Bourjaily, 781 F.2d at 544 (quoting Jackson v. Virginia, 443 U.S. 307 (1979)). We find that in this case there was sufficient evidence from which a rational jury could conclude that Pillera agreed to assist appellant in the illegal act.
 
 
 9
 The evidence clearly shows that appellant conspired with his sister-in-law, Donica Pillera, to distribute cocaine to the informant. Pillera's own testimony established that she knew appellant intended to trade cocaine for the car. She voluntarily allowed him to put the cocaine in her purse. Furthermore, she voluntarily held the cocaine during appellant's initial meeting with Wells, and even handed the cocaine to Wells at appellant's direction. Her testimony that she was not aware of appellant's plans until after she left her house that morning does not mitigate her involvement in the conspirational agreement. Even if Pillera's agreement to assist appellant was merely tacit and occurred only minutes before the transaction, her actions clearly showed that she and appellant "actually agree[d] to accomplish an illegal objective...." United States v. Pennell, 737 F.2d 521, 536 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985) (citation omitted).[1]
 
 
 10
 Accordingly, for the reasons set forth above, we AFFIRM appellant's conviction for conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. Sec. 846.
 
 
 
 [1]
 Appellant's contention that Pillera's actions were not voluntary because he "forced" the cocaine on her has no merit. Pillera pleaded guilty to a charge of distributing cocaine. It would be ironic if appellant could now avoid liability on the conspiracy charge by claiming that Pillera involuntarily assisted him