45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Lee WIEGAND, Defendant-Appellant.
 No. 93-1735.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 Before: JONES and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Richard Lee Wiegand appeals his conviction and sentence for setting fire to a house and causing injury to a firefighter, for using fire in the commission of a federally-prosecutable felony, and for arson of a property affecting interstate commerce, in violation of 42 U.S.C. Sec. 3631 (1988) and 18 U.S.C. Sec. 844(h), (i) (1988), respectively. For the reasons stated herein, we AFFIRM the decision of the district court.
 
 I.
 
 2
 On April 30, 1991, Thomas Anthony Young, who is black, and William Pennington, who is white, signed a contract to purchase a house located at 244 East Van Buren Street in Battle Creek, Michigan, from Roger and Reva Baley. The Baleys had never used this property as their own residential property. Young and Pennington purchased the house with the plan of fixing it up and eventually selling it. By the end of May, Roger Baley, Young, Pennington, and friends had cleaned up the house and grounds, and installed new electrical wiring and plumbing, a furnace, and a hot water heater in the house.
 
 
 3
 In the early morning of June 1, 1991, a fire destroyed the house at 244 East Van Buren Street. The Fire Marshall for the City of Battle Creek, who examined the fire scene and investigated the fire, testified at trial that the fire had been deliberately set. A firefighter, Gary Wright, suffered third degree burns on his face while fighting the fire. The fire caused extensive damage to the house.
 
 
 4
 Richard Wiegand, the defendant in this case, lived a few houses down the street from the house at 244 East Van Buren. At trial, three witnesses testified that Wiegand does not like blacks, that he has referred to blacks as "niggers," and that he had said that he did not want blacks moving into the neighborhood. A fourth witness testified that Wiegand had told him that he wanted to burn the house Young and Pennington were working on so that blacks could not move in.
 
 
 5
 On September 2, 1992, a federal grand jury indicted Wiegand for the following: setting fire to a house and causing injury to a firefighter in violation of the Fair Housing Amendment Act, 42 U.S.C. Sec. 3631 (count one); using fire to commit a felony capable of being prosecuted in federal court in violation of 18 U.S.C. Sec. 844(h) (count two); committing arson of a building affecting interstate commerce in violation of 18 U.S.C. Sec. 844(i) (count three); intimidating a witness in violation of 18 U.S.C. Sec. 1512(b)(3) (count four); m, and making false statements to an F.B.I. agent in violation of 18 U.S.C. Sec. 1001. A jury trial was held from January 12-22, 1993, and Wiegand was convicted on all counts. On May 26, 1993, Wiegand was sentenced to concurrent prison terms of 120 months on counts one, four, and five; to a concurrent prison term of 130 months on count three, and to a consecutive prison term of 60 months on count two. Wiegand appealed to this court. The issues Wiegand raises on appeal relate only to the counts one, two, and three.
 
 II.
 
 6
 42 U.S.C. Sec. 3631 prohibits willful interference with an individual's housing rights, based on race, color, religion, sex, handicap, familial status, or national origin.[1] Generally, violations of 42 U.S.C. Sec. 3631 are misdemeanors, and thus punishment cannot exceed one year of imprisonment. Where bodily injury results, however, the offense becomes a felony and is punishable by imprisonment for up to ten years.
 
 
 7
 Wiegand's first argument on appeal is that this punishment-enhancing element of the statute is violative of his constitutional right to due process "because it allows a conviction without any connection between the Defendant's conduct and the resulting injury." Wiegand Br. at 33. This due process claim raises an issue of law that this court reviews de novo. United States v. Allen, 954 F.2d 1160, 1165 (6th Cir.1992).
 
 
 8
 Wiegand argues that the statutory language is deficient because it does not require a showing of proximate cause. As both Wiegand and the government point out, however, the district court instructed the jury that "bodily injury" for purposes of the statute could be found only if the firefighter "suffered injury as a direct and proximate result of Defendant Wiegand's conduct." Wiegand Br. at 34; Gov't Br. at 15 (emphasis added). This instruction adequately protected Wiegand's right to due process. Wiegand's conviction for violating 42 U.S.C. Sec. 3631 is not invalid on this basis.
 
 
 9
 Wiegand next argues that Congress did not intend that this same "bodily injury" provision apply to injury to a firefighter. Both he and the government note that the legislative history behind section 3631 states that the purpose of the statute is to "protect[ ] from violence or threat of violence public officials and private persons who have duties to carry out with respect to the protected activities, if the violence is intended to discourage them from affording, or is a reprisal for having afforded, other persons equal treatment." S.Rep. No. 721, 90th Cong., 1st Sess. 10 (1967), reprinted in 1968 U.S.C.C.A.N. 1837, 1845; see Wiegand Br. at 36, Gov't Br. at 18.
 
 
 10
 Wiegand argues that this legislative intent precludes injury to firefighters, because "[s]uch persons have not afforded housing opportunities." Wiegand Br. at 36. Furthermore, Wiegand argues, it is not necessary to include firefighters within the ambit of section 3631 because 18 U.S.C. Sec. 844(i) already provides the identical protection for firefighters. Wiegand Br. at 36-37.
 
 
 11
 Statutory interpretation is an issue of law that this court reviews de novo. United States v. Merklinger, 16 F.3d 670, 672-73 (6th Cir.1994); United States v. Brown, 915 F.2d 219, 223 (6th Cir.1990).
 
 
 12
 We find that the penalty provision of section 3631 does not by its terms limit the application of "bodily injury" to a particular group of individuals. We interpret the provision as requiring one who engages in the conduct prohibited by the statute to be held criminally responsible for physical injury to persons caused by the violative conduct. Although neither this court nor the other circuits have yet addressed this issue, our interpretation in the instant case accords with the view of the Fifth Circuit in construing an analogous penalty provision, 18 U.S.C. Sec. 242[2]:
 
 
 13
 A fundamental principle of criminal law is that a person is held responsible for all consequences proximately caused by his criminal conduct. Thus, where events are foreseeable and naturally result from one's criminal conduct, the chain of legal causation is considered unbroken and the perpetrator is held criminally responsible for the resulting harm.
 
 
 14
 United States v. Hayes, 589 F.2d 811, 821 (5th Cir.), cert. denied, 444 U.S. 847 (1979). Injury to a firefighter is a foreseeable result of arson, which is the criminal conduct at issue here. Furthermore, it is well within Congress's discretion to afford persons the same protection in more than one statutory provision. We affirm Wiegand's conviction and sentence for violating 42 U.S.C. Sec. 3631.
 
 IV.
 
 15
 Count three of the indictment charged Wiegand with violating 18 U.S.C. Sec. 844(i) because he damaged by fire a building used in an activity affecting interstate commerce.[3] Wiegand argues that the government's evidence at trial failed to establish that the property had been used for anything other than a residence. Wiegand Br. at 39.
 
 
 16
 We review for sufficiency of the evidence by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). As a general rule, however, in order to preserve the issue of sufficiency of evidence for appellate review, a criminal defendant must make a motion for judgment of acquittal in the district court. United States v. Bierly, 521 F.2d 191, 192 (6th Cir.1975). When no such motion has been made, this court will uphold the conviction unless the district court has plainly erred, or sustaining the conviction will result in a gross miscarriage of justice. Id. There is no indication in the record that Wiegand made a motion for judgment of acquittal. Still, we find that under either standard of review, Wiegand's conviction on this count should be affirmed.
 
 
 17
 In considering whether an apartment building was a building use in an activity affecting interstate commerce for purposes of 18 U.S.C. Sec. 844(i), the Supreme Court has stated:
 
 
 18
 In sum, the legislative history suggests that Congress at least intended to protect all business property, as well as some additional property that might not fit that description, but perhaps not every private home.
 
 
 19
 Russell v. United States, 471 U.S. 858, 862 (1985) (emphasis added). The Court also noted, however, that section 844(i) is intended to and does exercise Congress' power under the Commerce Clause to its constitutional limit. Id. at 859.
 
 
 20
 Cases interpreting section 844(i) have found a wide range of buildings that qualify as buildings used in an activity affecting interstate commerce. See, e.g., Russell, 471 U.S. at 862 (rental property); United States v. Turner, 995 F.2d 1357, 1362 (6th Cir.) (vacant rental property), cert. denied, 114 S.Ct. 282 (1993); United States v. Voss, 787 F.2d 393, 398 (8th Cir.) ("properties undergoing rehabilitation with an eye toward resale"), cert. denied, 479 U.S. 888 (1986); United States v. Stillwell, 900 F.2d 1104, 1111 (7th Cir.) (private residence supplied with natural gas that has moved in interstate commerce), cert. denied, 498 U.S. 838 (1990); United States v. Ramey, 24 F.3d 602, 607 (4th Cir.1994) (trailer that received electricity from an interstate power grid).
 
 
 21
 In accord with these determinations, we find that the house Young and Pennington were improving and on which they were making monthly payments falls within the ambit of section 844(i). Roger and Reva Baley testified that the property at 244 East Van Buren Street was one of several properties that they had purchased for the purpose of improving the properties and then selling them for a profit. J.A. at 229; 236-43. Reva Baley testified that she and her husband had never lived in the house. J.A. at 251-52. Roger Baley testified that the house had a working gas furnace. J.A. at 230. Reva Baley testified that for a time while they owned the property exclusively, a friend of their daughter's had lived there and paid rent. J.A. at 240. The land contract between the Baleys and Young and Pennington and testimony established that Young and Pennington had made a $500 down payment on the property, and were going to make monthly payments of $250 until the principal and interest on the $8500 purchase price were paid. Young and Pennington both testified that they intended to improve the property at 244 East Van Buren Street and eventually sell it for a profit. J.A. at 59-60, 263-64. Additionally, the government presented evidence that Roger Baley, Young and Pennington installed new electrical wiring and plumbing--materials that had been purchased in interstate commerce--in the house. J.A. at 230-33. Not only has there been no plain error, but the evidence presented at trial was clearly sufficient for a rational juror to conclude that the property at 244 East Van Buren Street was being used in activities affecting interstate commerce. Thus, we affirm Wiegand's conviction on this count.
 
 V.
 
 22
 Wiegand next argues that the district court erred in admitting evidence of prior consistent statements. We find his argument to be without merit. This court reviews the district court's decisions to admit or exclude testimony or other evidence for an abuse of discretion. United States v. Bonds, 12 F.3d 540, 554 (6th Cir.1993); United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988), cert. denied, 488 U.S. 1031 (1989).
 
 
 23
 Billy Jo Wade testified that Wiegand was one of three people she had seen running between 244 East Van Buren and another house on the street, and that he had been carrying a gas can. Marlene Wade, Billy Jo's sister, also similarly identified Wiegand. On cross-examination Wiegand's counsel attempted to discredit both Billy Jo and Marlene's testimony. Subsequently, over defense counsel's objections, the government elicited testimony from Duane Green, the brother of Billy Jo and Marlene, that Billy Jo had told Green on the evening of the fire, that she had seen Wiegand; and the government elicited testimony from Rhonda Smith that she had heard Marlene say, "there is Richard Wiegand," during the fire.
 
 
 24
 Defense counsel's objections were overruled on the grounds that these were prior consistent statements which were admissible under Federal Rule of Evidence 801(d)(1)(B). This rule holds that a statement is not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed.R.Evid. 801(d)(1)(B). We find that the challenged testimony of Duane Green and Rhonda Smith falls within the scope of this rule and was appropriately admitted.
 
 VI.
 
 25
 Finally, Wiegand argues that his conviction for count one, violation of the Fair Housing Amendment Act, 42 U.S.C. Sec. 3631, by setting fire to a house and causing injury to a firefighter, and his conviction for count two, violation of 18 U.S.C. Sec. 844(h)[4] by using fire to commit a felony capable of being prosecuted in federal court, constitute unconstitutional double jeopardy. The legal issue of double jeopardy is subject to de novo review. Costo v. United States, 904 F.2d 344, 346 (6th Cir.1990).
 
 
 26
 Under Blockburger v. United States, convictions for multiple offenses based on the same conduct are permissible only where "each provision require[s] proof of an additional fact which the other does not." 284 U.S. 299, 304 (1932). The use of fire is not a statutory element of 42 U.S.C. Sec. 3631, while it is a statutory element of 18 U.S.C. Sec. 844(h). We hold that Wiegand's convictions do not constitute impermissible double jeopardy.
 
 VII.
 
 27
 For the foregoing reasons, we AFFIRM Wiegand's conviction and sentence on all counts.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Court Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Specifically, 42 U.S.C. Sec. 3631, in relevant part, states:
 Whoever, whether or not acting under color of law, by force or threat of force willfully injuries [sic], intimidates or interferes with, or attempts to injure, intimidate or interfere with--
 (a) any person because of his race ... and because he is or has been selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling ...
 shall be fined not more than $1,000, or imprisoned not more than one year, or both; and if bodily injury results shall be fined not more than $10,000, or imprisoned not more than ten years, or both....
 42 U.S.C. Sec. 3631 (1988).
 
 
 [2]
 Section 242 provides that anyone who under color of law deprives an inhabitant of the United States of his or her constitutional rights on the basis of the inhabitant's alienage, color, or race, "shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if bodily injury results shall be fined under this title or imprisoned not more than ten years, or both...." 18 U.S.C. Sec. 242 (1988) (emphasis added)
 
 
 [3]
 Section 844(i), in relevant part, states:
 Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce, or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000, or both; and if personal injury results to any person, including any public safety officer performing duties as a direct or proximate result of conduct prohibited by this subsection, shall be imprisoned for not more than twenty years or fined not more than $20,000, or both....
 18 U.S.C. Sec. 844(i) (1988).
 
 
 [4]
 Section 844(h), in relevant part, states that whoever "uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States ... shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for five years." 18 U.S.C. Sec. 844(h) (1988)